UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FlavaWorks Entertainment, Inc.,** ) | |
| **Blatino Media, Inc.,** ) | |
|       **Plaintiff,** ) | Case No. |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Joel Lewitzky,** ) | |
| **John Doe 1 (username augire2)** ) | |
| **John Doe 2 (username batsu454)** ) | |
| **John Doe 3 (username blackbike20)** ) | |
| **John Doe 4 (username Cards1uk)** ) | |
| **John Doe 5 (username Chaman)** ) | |
| **John Doe 6 (username Clorino404)** ) | |
| **John Doe 7 (username Daledale)** ) | |
| **John Doe 8 (username Daleorama)** ) | |
| **John Doe 9 (username Dave858)** ) | |
| **John Doe 10 (username ekospirit)** ) | |
| **John Doe 11 (username gzh004)** ) | |
| **John Doe 12 (username Hubrys)** ) | |
| **John Doe 13 (username Joewija)** ) | |
| **John Doe 14 (username Lilraverprep)** ) | |
| **John Doe 15 (username Luvpecs)** ) | |
| **John Doe 16 (username Nyethi)** ) | |
| **John Doe 17 (username Paulrc)** ) | |
| **John Doe 18 (username Slchung)** ) | |
| **John Doe 19 (username Thomblack)** ) | |
| **John Doe 20 (username Trashcat)** ) | |
| **John Doe 21 (username Yatjug)** ) | |
| **John Doe 22 (username Zanefan)** ) | |
| **John Doe 23 (username xaoslao)** ) | |
|       **Defendants.** ) | |

**COMPLAINT**

Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media Inc (hereinafter "Plaintiffs"), and for its Complaint against Defendants states as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.; for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., as amended. Plaintiffs bring this action to stop Defendants from infringing, promoting, encouraging, enabling and facilitating the infringement of Plaintiffs' copyrights (collectively "Plaintiffs' Intellectual Property") on the Internet.

2. Plaintiffs bring this action to stop Defendants from continuing to encourage, enable and contribute to the infringement of Plaintiffs' copyrights on the Internet. Defendant, **Joel Lewitzky** joined or visited FlavaWorks' paid membership-only websites, agreed to FlavaWorks' terms and services, downloaded copyrighted videos owned by FlavaWorks, and copied and distributed the aforesaid copyrighted videos in violation of the agreed to terms and services.

## THE PARTIES

3. Plaintiff, FlavaWorks Entertainment, Inc is incorporated under the laws of the State of Illinois with its principal place of business at 2705 West Fulton, Chicago Illinois 60612.

4. Plaintiff, Blatino Media, Inc., is incorporated under the laws of the State of Illinois with its principal place of business at 2705 West Fulton, Chicago Illinois 60612.

5. On information and belief, Defendants, are residents of the United States of America

6. The legal names of Defendants, John Doe 1-23, legal names are unknown to Plaintiffs and are only identifiable by their online usernames platforms.

7. Upon information and belief, all Defendants are members of GayTorrent.Ru.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 et seq..

9. This Court has jurisdiction over Defendants, because Defendants consented to personal jurisdiction when they agreed to FlavaWorks' Terms and Conditions, section 11, 1.1: "you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois"

10. This Court has jurisdiction over Defendants, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district.

## FACTS

### PLAINTIFF FLAVAWORKS ENTERTAINMENT, INC.

12. Plaintiff, FlavaWorks Entertainment, is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

13. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, www.RawRods.com and www.ThugBoy.com, among others.

14. Plaintiff has applied for and has registered various copyrights for its works.

15. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

16. At all relevant times, Defendants visited or joined as paid members of FlavaWorks websites.

17. Defendants agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of FlavaWorks. Copies of FlavaWorks' terms and conditions are attached as Group Exhibit "A".

18. Notwithstanding the aforesaid agreements, Defendant Joel Lewitzky downloaded copyrighted videos of FlavaWorks as part of their paid memberships and, in violation of the terms and conditions of the paid sites, and posted and distributed the aforesaid videos on other websites, including websites with peer to peer sharing and peer to peer sharing and torrents technology Copies of the aforementioned copyrights are attached as Exhibit "B".

19. As a result of Defendants' conduct, third parties were able to download the copyrighted videos, without permission of FlavaWorks.

## COUNT I

**(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)**

1-19 Plaintiffs incorporate and re-alleges paragraphs 1-19 of this Complaint as paragraphs 1-16 of Count I.

20. Defendant's conduct interferes with Plaintiffs' exclusive right to reproduce, distribute and display the copyrighted works.

21. Defendant's conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

22. Defendants' aforesaid activities constitute infringement of Plaintiffs' copyrights.

23. As a result of the injury suffered by Plaintiffs' business from Defendants' actions of direct copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

### (Contributory Copyright Infringement.)

1-19 Plaintiffs incorporate and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-19 of Count II.

24. On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of FlavaWorks' Intellectual Property by copying, posting, and/or distributing FlavaWorks' copyrighted videos without permission.

25. On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

26. Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

27. As a result of the injury suffered by Plaintiffs' business from Defendants' actions of contributory copyright infringement, Plaintiffs are entitled to recover actual and/or statutory

damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT III

**(Vicarious Copyright Infringement.)**

1-19. Plaintiffs incorporate and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-19 of Count III.

28 On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

29 As a result of the injury suffered by Plaintiffs' business from Defendants' actions of vicarious copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

**(Inducement of Copyright Infringement.)**

1-19. Plaintiffs incorporate and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-19 of Count IV.

30. On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

31. Defendants' conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

32. As a result of the injury suffered by Plaintiffs business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in favor of Plaintiffs, and against the Defendant Joel Lewitsky for $1,500,000.00 plus attorney's fees and court costs.

2. A judgment in favor of Plaintiffs and against Defendants John Doe 1-19 in the amount $150,000.00 plus attorney's fees and court costs.

3. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

    a. Restraining and enjoining Defendants from posting on any website(s) material that infringes FlavaWorks' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material

and/or links which enable the easy access to FlavaWorks' Intellectual Property that is located on third party websites;

b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting FlavaWorks' Intellectual Property, including Plaintiffs' copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiffs' ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendants from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiffs and any website(s);

d. Restraining and enjoining Defendants from otherwise using, copying or otherwise exploiting Plaintiffs' copyrights and copyrighted works;

e. Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

4. Requiring Defendants to submit to the Court and to serve upon Plaintiffs a report, written under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of this injunction;

5. Disgorging Defendants of any profits they may have made as a result of his or her infringement of FlavaWorks' Intellectual Property;

6. Awarding Plaintiffs the actual damages sustained by Plaintiffs as a result of Defendants' infringement of FlavaWorks' Intellectual Property, the amount of which is to be determined at trial;

7. Awarding Plaintiffs compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

8. Awarding Plaintiffs the costs of this action, together with reasonable attorney's fees;

9. In the alternative, awarding Plaintiffs statutory damages pursuant to the Copyright Act and the Lanham Act;

10. In the alternative, awarding Plaintiffs enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

11. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files containing Plaintiff's Intellectual Property;

12. Requiring Defendants to deliver up for destruction all of Plaintiff's Intellectual Property.

13. Awarding trebled damages for Defendants' infringement of Plaintiff's copyrights.

14. Awarding punitive damages.

15. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: October 8, 2024

Respectfully Submitted,

Hameed Odunewu

ARDC#6346462

FlavaWorks Entertainment, Inc

Baltino Media, Inc.

2705 West Fulton

Chicago, IL 60612-2003