UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FLAVAWORKS ENTERTAINMENT, INC.,
BLATINO MEDIA, INC.,

    Plaintiffs,

vs.

JOHN DOES, et al., including
CHRISTOPHER LARINO and
MICHAEL SHANE GORDON, et al,

    Defendants.
    _____/

CASE NO.: 1-24-cv-09725
Honorable Franklin U. Valderrama
Magistrate: Honorable Appenteng

## MOTION FOR AN INTERDISTRICT TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA OR DISMISSAL.

Now comes the Defendant, Mr. Michael Shane Gordon, by and through his attorney, Mr. Michael P. Simkus, pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1404(a), and hereby respectfully moves this Court for an Interdistrict Transfer from the Northern District of Illinois to the United States District Court for the Northern District of Georgia, dismissal or for relief this court deems just.

The Court should grant the Interdistrict Transfer to the Northern District of Georgia or dismiss this lawsuit because:

    A. **This Defendant is a resident and domiciled in Georgia**.
    B. **Plaintiffs Can Never Exercise Personal Jurisdiction over this Defendant in the Northern District of Illinois.**
    C. **Transfer to the United States District Court for the Northern District of Georgia is in the best *Interests of Justice*.**
    D. **Plaintiffs' Fourth Amended Complaint is fatally deficient and cannot be cured against this Defendant, and this lawsuit must be transferred to the United States District Court for the Northern District of Georgia or dismissed.**

In support of this Motion, the Defendant states as follows:

1. Plaintiff filed this copyright infringement action in the United States District Court for the Northern District of Illinois and obtained service upon the Defendant on July 18, 2025, in Alpharetta, Georgia.

2. The United States District Courts have original jurisdiction over this copyright infringement action pursuant to 28 USCS § 1338.

A. **This Defendant is a resident of Georgia.**

   1. For copyright infringement actions, 28 U.S.C. § 1400(a), provides:

   "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs *may be instituted in the district in which the defendant or his agent resides* or may be found." [Emphasis added.]

   2. The Defendant is domiciled in and a resident of Alpharetta, Georgia. [Attached as Exhibit 1 is the Affidavit of the Defendant, Mr. Michael Shane Gordon, dated September 4, 2025. Please see Exb. 1 ¶9.]

   3. Plaintiffs fail to meet the "residency" requirement of 28 U.S.C. § 1400(a) for this Defendant. Further, pursuant to 28 U.S.C. § 1391(c), for venue purposes, the Defendant "…shall be deemed to reside in the judicial district in which that person is domiciled." The United States District Court for the Northern District of Georgia is where the Defendant is domiciled, and therefore, a resident.

B. **Plaintiffs Can Never Exercise Personal Jurisdiction over this Defendant in the Northern District of Illinois.**

   1. Plaintiffs can never exercise personal jurisdiction in the United States District Court for the Northern District of Illinois over this Defendant for the following reasons:

    a. The Defendant does not maintain a residence, a place of business or have any connection within the Northern District of Illinois. [See Exb.1 ¶4.]

    b. The Defendant has never conducted any business or otherwise availed himself of the benefits of the Northern District of Illinois. [See Exb.1 ¶5.]

    c. The Defendant has never entered into any service agreement with the Plaintiffs nor agreed to any clause that mandated jurisdiction be within the Northern District of Illinois. [See Exb.1 ¶6.]

    d. The Defendant has never agreed to be bound by any Terms and Conditions alleged by the Plaintiffs. [See Exb.1 ¶6.]

    e. The Defendant has not consented to personal jurisdiction in the Northern District of Illinois. [See Exb.1 ¶7.]

    f. The Defendant is a licensed attorney to practice law in Georgia and is not licensed in any other jurisdiction in the United States. The Defendant has not appeared in any court room outside of the State of Georgia. [See Exb.1 ¶8.]

    g. The Defendant has never represented any client for a matter in any United States District Court District, let alone a lawsuit for a client in the Northern District of Illinois. [See Exb.1 ¶11.]

2. Plaintiffs can never allege facts sufficiently, and in good faith, that this honorable court can exercise personal jurisdiction of this Defendant in the Northern District of Illinois.[1]

---

[1] This Defendant reserves the right to file a Rule 12(b)(6) Motion to Dismiss as the Fourth Amended Complaint is bereft of adequate facts that sufficiently provide adequate notice nor establish a lawsuit for copyright infringement. A Rule 12(b)(6) motion would establish that the Fourth Amended Complaint fails to allege that copyrighted works have been registered by the Plaintiffs with the United States Copyright Office. Plaintiffs make a vague and ambiguous assertion that Plaintiff Flava Works Entertainment "has applied for and has registered various copyrights for its works." See, Fourth Amended Complaint, p. 3, ¶ 14. That does not satisfy this Court's subject matter jurisdiction. 17 U.S.C. § 441(a). [The United States Supreme Court in *Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), interpreted the phrase "registration has been made" in 17 U.S.C. § 411(a) to mean that the Copyright Office must have completed the registration process, rather than merely the submission of a copyright application by the claimant. The Supreme Court clarified that the act of registration is completed when the Copyright Office registers the copyright, not when the application is submitted. Thus, a copyright infringement lawsuit can only proceed after the Copyright Office has acted on the registration application. "The burden of establishing federal jurisdiction is on the party asserting such jurisdiction, and the jurisdictional basis must be clear from the face of the complaint itself." See, *Burns v. Rockwood Distributing Co.*, 481 F. Supp. 841, 848 (N.D. Ill. 1979).]

C. **Transfer to the United States District Court for the Northern District of Georgia Is in the best *Interests of Justice.***

1. Transfer is appropriate as 28 U.S.C. § 1404(a) states when: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

2. First, Plaintiffs could have only filed its lawsuit <u>against this Defendant</u> in the United States District Court for the Northern District of Georgia. Second, in the interest of justice, the court should transfer to the United States District Court for the Northern District of Georgia for the following reasons:

    a. The Defendant has been diagnosed with and currently suffers from various physical and anxiety conditions which would make long-distance travel to the Northern District of Illinois for court proceedings painful, burdensome, and expensive. [See Exb.1 ¶12.]

    b. The Defendant also suffers from a reduced immune system resistance due to autoimmune disease, psoriatic arthritis, anxiety disorder, and agoraphobia. [See Exb.1 ¶12.]

    c. Transferring this case to the United States District Court for the Northern District of Georgia would serve the interests of justice and the convenience of the parties and witnesses, as the Defendant and potential witnesses are located within the jurisdiction of Northern District of Georgia.

D. **Plaintiffs Fourth Amended Complaint is fatally deficient and cannot be cured against this Defendant, and must be transferred to the United States District Court for the Northern District of Georgia or dismissed.**

1. Finally, the Plaintiffs' deficient pleading filed in the Northern District of Illinois procedural defect cannot be cured to meet the residency requirements of 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(c) against this Defendant.

2. As stated in Footnote 1, Plaintiff, in the Fourth Amended Complaint, failed to properly plead a copyright infringement action.[2]

3. Vis-à-vis this Defendant, Plaintiffs' Fourth Amended Complaint fails to sufficiently allege, and more importantly, Plaintiffs can never allege in good faith:

    a. That this Defendant resides in the Northern District of Illinois.

    b. That this Defendant had continuous and systemic contact with the State Illinois as well as within the Northern District of Illinois.

    c. That this Defendant engaged in a significant act within the State Illinois as well as within the Northern District of Illinois.

---

[2] Plaintiff Flava Works Entertainment, Inc., is a corporation which purports to produce gay adult entertainment works in the forms of DVDs, magazines, websites, pictures, streaming videos, and various other medias. See, Fourth Amended Complaint, p. 3, ¶ 12. Plaintiff Flava Works Entertainment asserts that it has "applied for and has registered *various copyrights for its works*." See, Fourth Amendment Complaint, p. 3, ¶ 14 (*emphasis added*). Plaintiff Flava Works Entertainment neither alleges its ownership of any specifically identifiable US copyright registration, nor provides a copy of a registration attached as an exhibit to the Fourth Amended Complaint.

Plaintiff Blatino Media, Inc., neither alleges to have produced any copyrightable works nor alleges that it has applied for and registered any such works. Plaintiff Blatino Media neither alleges nor provides a copy of any specifically identifiable US copyright registration as an exhibit.

Moreover, Plaintiffs Fourth Amended Complaint fails to state where the copyright infringement occurred, when the copyright infringement occurred, how the copyright infringement occurred and what was specifically infringed.

As an alternative remedy for an interdistrict transfer to the Northern District of Georgia, this court could also enter a Dismissal pursuant to 28 U.S.C. § 1406, which provides that when a case is filed in a district where venue is improper, the district court has the authority to either dismiss the case or transfer it to a district or division where it could have been properly brought, if doing so is in the interest of justice. The Seventh Circuit has clarified that venue is considered improper under § 1406(a) only if it does not meet the requirements of the federal venue statutes. See *In re LimitNone*, LLC, 551. F.3d 572 (7th. Cir 2008).

5

    d. That this Defendant has engaged in acts that satisfy Illinois' long-arm statute such that those acts provide personal jurisdiction over this Defendant in the Northern District of Illinois.

    e. That the Plaintiffs' copyright works and interests are situated in the Northern District of Illinois.

    f. That the Plaintiffs can plead in another Amended Complaint and attach an executed copy of their Terms and Conditions Agreement between Plaintiffs and this Defendant because no such agreement exists.

    g. That the Plaintiffs can plead in another Amended Complaint and attach evidence that this Defendant accessed and agreed to be bound by Plaintiffs' Terms and Conditions because no such evidence exists.

    h. That the Plaintiffs can plead in another Amended Complaint that the FlavaWorks' Terms and Conditions are presented on Plaintiffs' website(s) in a manner sufficient to bind users to those Terms and Conditions and such Terms and Conditions were agreed between Plaintiffs and this Defendant because neither such agreement nor such evidence exists.

**WHEREFORE**, for the reasons stated above, the Defendant Michael Shane Gordon respectfully requests that this Honorable Court grant an interdistrict transfer of this lawsuit from the United States District Court for the Northern District of Illinois to the United States District Court for the Northern District of Georgia, dismissal, or for relief the court deems just.

Dated: September 5, 2025.

                                             *(s) Michael P. Simkus*
                                             **FS CORPS, Professional Corporation**
                                             MICHAEL P. SIMKUS, ESQ.
                                             4320 WINFIELD ROAD SUITE 200
                                             WARRENVILLE, ILLINIOIS 60555

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FLAVAWORKS ENTERTAINMENT, INC.,
BLATINO MEDIA, INC.,

    Plaintiffs,

vs.

JOHN DOES, et al., including
CHRISTOPHER LARINO and
MICHAEL SHANE GORDON, et al,

    Defendants.
_____/

CASE NO.: 1-24-cv-09725
Honorable Franklin U. Valderrama
Magistrate: Honorable Appenteng

**AFFIDAVIT OF MICHAEL SHANE GORDON**
STATE OF GEORGIA

I, MICHAEL SHANE GORDON, residing at 14108 Masters Way, Alpharetta, Georgia, being of legal age and competent to testify, hereby declare under oath as follows:

1. I am the Defendant in the above-captioned matter and have personal knowledge of the facts stated within this affidavit.

2. This affidavit is made in support of the Defendant's Motion to Transfer Venue pursuant to 28 USCS § 1404 on the grounds that the Defendant does not reside in the Northern District of Illinois and resides in the Northern District of Georgia where venue is appropriate.

3. I live outside the jurisdiction of the Northern District of Illinois.

4. I do not maintain a residence, a place of business, or have any connection to the Northern District of Illinois.

5. I have not conducted any business within or otherwise availed myself of the benefits of the Northern District of Illinois.

6. I have neither entered into any service agreement with the Plaintiffs nor agreed to any clause that mandated jurisdiction be within the Northern District of Illinois. I also have never agreed to be bound by any Terms and Conditions alleged by the Plaintiffs.

7. In short, I have not consented to the personal jurisdiction of the Northern District of Illinois.

8. I am a licensed attorney to practice law in Georgia and am not licensed in any other jurisdiction in the United States. I provide legal services to my employer's clients. I have not appeared in any court room outside of the State of Georgia.

9. My primary residence is located at 14108 Masters Way, Alpharetta, Georgia, which is within the jurisdiction of Northern District of Georgia.

10. My office is in Alpharetta, Georgia, which is also within the jurisdiction of Northern District of Georgia.

11. I have never represented any client for a matter in any United States District Court District, let alone a lawsuit for a client in the Northern District of Illinois.

12. I have been diagnosed with and currently suffer from various physical and anxiety conditions which would make long-distance travel to the Northern District of Illinois for court proceedings painful, burdensome, and more costly. These conditions include reduced immune system resistance due to autoimmune disease, psoriatic arthritis, anxiety disorder, and agoraphobia.

13. Transferring this case to a District Court which is within the jurisdiction of Northern District of Georgia would serve the interests of justice and the convenience of the parties and witnesses, as the Defendant and potential witnesses are located within the jurisdiction of Northern District of Georgia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in __Alpharetta__, Georgia on September 4th, 2025.

_[signature]_

Michael Shane Gordon

NOTARY PUBLIC

_[signature and notary seal: FORSYTH COUNTY, GEORGIA, NOTARY PUBLIC, SABA AKRAM, EXPIRES DEC 21, 2026]_

Subscribed and sworn to before me this 4th day of September 2025.

**Exhibit 1**

2