UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FlavaWorks Entertainment, Inc.,** ) | |
| **Blatino Media, Inc.,** ) | |
| Plaintiff, ) | Case No. : 1:24-cv-09725 |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **John Doe 1, et al** ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL SHANE GORDON'S MOTION

**NOW COME** the Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media, Inc., by and through their undersigned counsel, and for their Response in Opposition to Defendant Michael Shane Gordon's Motion to Transfer or Dismiss, state as follows:

I.     INTRODUCTION

Defendant Michael Shane Gordon asks this Court to disregard his own contractual consent to jurisdiction in Illinois and transfer or dismiss this action based on alleged inconvenience and lack of local ties. His motion fails for a simple reason: Gordon expressly assented to Plaintiffs' Terms of Service before accessing Plaintiffs' website, and that agreement contains a binding forum-selection clause designating this Court as a proper forum. Both the Seventh Circuit and the Supreme Court have made clear that such clauses are enforceable and controlling in all but the most exceptional circumstances. Gordon's affidavit denying assent is directly contradicted by Plaintiffs' server logs and the operative Terms of Service, and his reliance on health conditions and inconvenience arguments is legally irrelevant once consent is established. Venue is proper under both the forum-selection clause and federal venue statutes, and his additional attacks on the

sufficiency of the complaint are procedurally improper. The motion is nothing more than an attempt at forum shopping, and it should be denied.

## II. FACTUAL BACKGROUND

On November 9, 2011, Plaintiffs' server logs captured Defendant Michael Shane Gordon accessing Plaintiffs' website, RawRods.com, using the login "hubrys" at 15:39:58 UTC (Exhibit A). The activity confirms that Gordon was a free user with access only to limited preview content.

At that time, RawRods.com required all visitors to affirmatively click "I Agree to Terms and Conditions and Legal Age" before viewing any content. The Terms of Service, effective January 1, 2011, expressly conditioned access, free or paid, upon assent to the agreement, which included a forum-selection clause providing that "[a]ny action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida" and that users "consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois or Miami-Dade County, Florida" (Exhibit B; TOS).

This Court has already upheld jurisdiction on indistinguishable facts. In *Flava Works, Inc. v. Rossi, Case No. 1:12-cv-01885* (N.D. Ill.), the Court held that by assenting to the same TOS before accessing content, a defendant was bound to Illinois jurisdiction. Gordon's later infringing conduct underscores the willful nature of his actions. Finally, as a licensed attorney admitted in Georgia since 2010, Gordon possessed heightened awareness of the legal consequences of contractual assent. His denial of jurisdiction is therefore implausible and contradicted by the record.

III. ARGUMENT

Gordon's motion fails for the same reason this Court rejected Rossi's identical arguments more than a decade ago. In *Flava Works, Inc. v. Rossi*, No. 12-cv-1885, 2013 WL 1283829 (N.D. Ill. Mar. 29, 2013), this Court held that Rossi "waived his ability to challenge personal jurisdiction and venue when he consented to an enforceable forum-selection clause in the Agreement with Flava Works." Rossi, like Gordon, accessed Plaintiffs' websites and was bound by the same Terms of Service ("TOS"), which required assent before viewing any content. Plaintiffs' server log (Exhibit B) confirms Gordon logged into RawRods.com on November 9, 2011, using the handle "hubrys." And the operative TOS (Exhibit B) make clear that at that time no user, paid or free, could view content without first affirmatively agreeing to be bound by its provisions, including the following forum-selection clause:

> "This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law… You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois or Miami-Dade County, Florida." (Exhibit B).

This clause leaves no ambiguity: Gordon expressly consented to personal jurisdiction and venue in Illinois. His affidavit denying consent is contradicted by Plaintiffs' server evidence and the TOS itself. Once consent is shown, he cannot now disclaim jurisdiction.

The Seventh Circuit's decision in *Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990), reinforces that once a party consents to a forum-selection clause, he cannot later claim inconvenience or lack of contacts as a basis for transfer. The court explained that "[s]igning a valid forum-selection clause is a waiver of right to move for change of venue on the ground of

inconvenience". Gordon's reliance on his health conditions and the inconvenience of litigating in Illinois is therefore immaterial; he waived those objections when he clicked "I Agree" to Plaintiffs' TOS before accessing RawRods.com.

This Court in Rossi relied on controlling Seventh Circuit precedent in *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006), which upheld forum-selection clauses as enforceable and binding. The Court also cited *American Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004), which confirmed that a claim does not cease to "arise under" a contract simply because the plaintiff chooses to plead copyright or tort theories. Plaintiffs' copyright infringement claims here stem directly from Gordon's violation of the TOS, just as Rossi's did, and are squarely governed by the forum clause (Exhibit B).

Nor can Gordon argue that the TOS is unenforceable as a contract of adhesion. Rossi directly rejected this argument, quoting the Illinois Supreme Court in *Kinkel v. Cingular Wireless LLC,* 857 N.E.2d 250, 266, 223 Ill. 2d 1 (2006), which recognized that adhesion contracts "are a fact of modern life" and not inherently unconscionable. Gordon, like Rossi, could have chosen not to access Plaintiffs' website. Having affirmatively agreed to the TOS (Exhibit B) before logging in, he is bound by its terms.

Courts applying the same principles have enforced forum-selection clauses in copyright infringement disputes, rejecting efforts to circumvent contractually chosen fora. See *Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, No. 09-C-846, 2009 WL 4730825, at *5 (E.D. Wis. Dec. 7, 2009) (applying forum clause to copyright claim). The same logic applies

here. Plaintiffs' server log (Exhibit A) shows Gordon accessed the site, and the TOS (Exhibit B) shows he did so only after consenting to jurisdiction in Illinois.

This Court has already decided this precise issue in Rossi. Gordon's circumstances are indistinguishable, and he presents no new facts or law that justify a different outcome. His motion is therefore nothing more than an attempt to re-litigate a settled question in this District. The law and the record require enforcement of the forum-selection clause, and jurisdiction and venue in this District are proper.

## V. CONCLUSION

For all of these reasons, Defendant's Motion to Transfer or Dismiss should be denied. Gordon expressly assented to Plaintiffs' Terms of Service, which contained a clear and binding forum-selection clause requiring litigation in this District. Binding precedent from both the Seventh Circuit and the Supreme Court confirms that such clauses are controlling and enforceable, regardless of alleged inconvenience. Jurisdiction and venue are proper in the Northern District of Illinois, and Plaintiffs respectfully request that this Court deny Defendant's motion in its entirety.

WHEREFORE, Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc. respectfully request that this Honorable Court deny Defendant Michael Shane Gordon's Motion to Transfer or Dismiss in its entirety, affirm that jurisdiction and venue are proper in the Northern District of Illinois, and grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
/s/Hameed Odunewu
Attorney for Plaintiffs

Hameed Odunewu (ARDC No. 6346462)
FlavaWorks Entertainment, Inc., Blatino Media, Inc.
2705 West Fulton St
Chicago, IL 60612-2003
(240) 918-2785 Telephone
Hameed@flavaworks.com