## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FLAVAWORKS ENTERTAINMENT, INC.,
BLATINO MEDIA, INC.,

      Plaintiffs,

vs.

      **CASE NO.: 1-24-cv-09725**
      Honorable Franklin U. Valderrama
      Magistrate: Honorable Appenteng

JOHN DOES, et al., including
CHRISTOPHER LARINO and
MICHAEL SHANE GORDON, et al,

      Defendants.

_____/

## DEFENDANT GORDON'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR AN INTERDISTRICT TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA OR DISMISSAL.

Now comes the Defendant, Mr. Michael Shane Gordon, by and through his attorney, Mr. Michael P. Simkus, and in support of his Motion for an Interdistrict Transfer, states that Plaintiffs have failed in their burden of establishing proper venue pursuant to 28 U.S.C. § 1400(a), such that this Court should retain jurisdiction against this Defendant for Plaintiffs' copyright infringement claims[1] in the Northern District of Illinois. Plaintiffs having laid venue within the wrong district, this Court must "dismiss, or if it be in the interest of justice, transfer" this case to a district in which it could have been brought. [See, 28 U.S.C. § 1406(a).] The only appropriate district within which this action could be brought against this Defendant is the Northern District of Georgia.

Contrary to Plaintiffs' assertions, Defendant Gordon's request for transfer is not based solely on "alleged inconveniences and lack of local ties." [See, p. 1 of Plaintiffs' Response in

---

[1] Plaintiffs make a fleeting reference to trademark infringement claim(s) pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.* See, ¶1 of Plaintiffs' Fourth Amended Complaint. However, Plaintiffs allege no causes of action under the Lanham Act; therefore, any such claims should be considered abandoned.

Opposition to Defendant Michael Shane Gordon's Motion ("Plaintiffs' Response").]

The plaintiffs can never establish personal jurisdiction over the Defendant Gordon that satisfies the "minimum contacts" standard, as well as "fair play and substantial justice."

**A. Defendant Gordon Resides in Georgia and not Illinois.**

Defendant Gordon's request is based on this Court's lack of personal jurisdiction over Defendant Gordon. This Motion for an Interdistrict Transfer is inextricably linked to a discussion of personal jurisdiction despite being a motion related to venue because § 1400(a) makes venue coextensive with personal jurisdiction.[2] Since Defendant Gordon does not reside in Illinois such that this Court may exercise general personal jurisdiction; Plaintiffs must prove that this Court may exercise specific personal jurisdiction over Defendant Gordon regarding each of Plaintiffs' claims.

Neither Plaintiff FlavaWorks Entertainment, Inc., nor Plaintiff Blatino Media, Inc. has established specific personal jurisdiction over Defendant Gordon for each of the causes of action.[3] Specific personal jurisdiction may be exercised over Defendant Gordon non-consensually[4] or consensually.

---

[2] Proper venue for a copyright infringement claim is laid by 28 U.S.C. § 1400(a) "in the district in which the defendant or his agent resides or may be found." Defendant Gordon does not reside in the Northern District of Illinois; therefore, the inquiry becomes where Defendant Gordon "may be found." May be found" has been interpreted to mean any district where the defendant is subject to personal jurisdiction. See, *Store Décor Div. of Jas Intern., Inc. v. Stylex Worldwide Industries, Ltd.*, 767 F. Supp. 181, 185(N.D. Ill 1991) (explaining that "if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

[3] "Personal jurisdiction must be analyzed and established over each defendant independently." See, *Nottingham-Spirk Design Associates, Inc. v. Halo Innovations, Inc.*, 603 F. Supp. 3d 561, 566 (N.D. Ohio 2022). "There is no such thing as supplemental specific jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim." See, *In re Testosterone Replacement Therapy Products Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1048 (N.D. Ill. 2016) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F. 3d. 266, 275 n. 6 (5th Cir. 2006)).

[4] Non-consensual personal jurisdiction may be exercised over a defendant pursuant to Illinois's long-arm statute so long as that exercise comports with traditional notions of fair play and substantial justice such that the defendant might anticipate being hailed into that court. Plaintiffs neither allege nor prove facts sufficient to show minimum contacts such that this court may exercise specific personal jurisdiction over Defendant Gordon non-consensually. Plaintiffs abandoned this argument.

### B. The "Subscription Agreement" fails to establish personal jurisdiction.

Plaintiffs solely argue that Defendant Gordon consented to specific personal jurisdiction within this Court via contract, a "Subscription Agreement"—which have been marked as Plaintiffs' Exhibit A to the Fourth Amended Complaint as well as Exhibit A to Plaintiffs' Response. [5]

Plaintiffs failed to analyze that consent to specific personal jurisdiction by contract requires a *"contract"***:** at a minimum, an offer from Plaintiffs (which includes a forum-selection clause naming the Northern District of Illinois), an acceptance by Defendant Gordon, and consideration. **No such contractual agreement exists**. Importantly, the Plaintiffs never pled in the Fourth Amended Complaint that such a "contract" exists and did not do so in the Plaintiffs' Response because it would be factually and legally untrue.

Neither Plaintiff bringing this suit is a party to the "Subscription Agreement." The "Subscription Agreement" sole signatory is by *Flava Works, Inc.*, an entirely different and legally distinct entity from either *FlavaWorks Entertainment, Inc.* or *Blatino Media, Inc.*

The "Subscription Agreement" with a non-party cannot be used by Plaintiffs to establish consent to personal jurisdiction for Plaintiffs' claims.

Additionally, the "Subscription Agreement" with the non-party does not contain a forum-selection clause naming *this District*. Despite Plaintiffs' misrepresentation in Plaintiffs' Response, the "Subscription Agreement" actually states "… **and** you hereby consent to the personal jurisdiction and venue of *the courts in Cook County, Florida or Miami-Dade County, Florida*."[6]

---

[5] Plaintiffs have filed two "Subscription Agreements" in this lawsuit. The first "Subscription Agreement" has been marked as "Exhibit A" to the Fourth Amended Complaint with an effective date of June 2, 2010. The second "Subscription Agreement" is Exhibit A to Plaintiffs' Response has a different effective date of January 1, 2011. Both Exhibits are referred to as the "Subscription Agreement" to avoid confusion but the inconsistency is noted.
[6] Plaintiffs' Response intentionally changes the phrase to include "Cook County, Illinois" without indicating having made a change to the source material. Plaintiffs' conduct conveys their recognition of the document's fatal error. "Cook County, Florida" does not exist; therefore, the entire conjunctive clause fails.

Not only are Plaintiffs not a signatory to the "Subscription Agreement," but also Defendant Gordon is not a signatory either. The "Subscription Agreement" does not establish that Defendant Gordon accessed and consented to the Terms and Conditions of the "limited preview content" of the website RawRods.com. [See, p. 2 of Plaintiffs' Response.]

### C. The websites were owned and operated by a different legal entity—Flava Works, Inc.—as these Plaintiffs did not exist.

Plaintiffs neither allege nor provide any competent evidence that either Plaintiff owned RawRods.com at the time of the alleged access, or any other time. By its own terms, the "Subscription Agreement" states that the "Legal Notices apply to Flava Works, Inc. and FlavaWorks.com," with Flava Works, Inc. having its offices at a Miami, Florida address.[7]

The "Subscription Agreement" contains no indication of ownership of the websites by either Illinois-based Plaintiffs. The Court should reject Plaintiffs presumption that there is an ownership or other relationship between Flava Works, Inc. and either Plaintiff.

Plaintiffs did not exist at any relevant time in relation to these claims.[8] The effective date of both "Subscription Agreements" are respectively, June 2nd, 2010 and January 1st, 2011. The alleged access to the free preview content on RawRods.com occurred on November 9, 2011. [See Exhibit A to Plaintiffs' Response.] However, Blatino Media, Inc. did not exist until July 29, 2020,[9] and FlavaWorks Entertainment, Inc. did not exist until May 19, 2023.[10] Plaintiffs provide no

---

[7] The "Subscription Agreement" references Flava Works, Inc.'s Florida address in three different sections of the document: its "Terms and Conditions" section; its "Content and User Submissions" section for notice to its "Intellectual Property Counsel; and its "Miscellaneous" section for notice of "Official Correspondence." There is not any reference, anywhere within the document, to an Illinois address.

[8] Plaintiffs have consistently failed to state when the alleged infringing conduct occurred in any of their filings; therefore, it is impossible for this Court to establish Plaintiffs' existence at the time of infringement.

[9] Attached to this Reply as **Exhibit 1** is a copy of the State of Illinois Domestic/Foreign Corporation 2025 Annual Report for Blatino Media, Inc.

[10] Attached to this Reply as **Exhibit 2** is a copy of the State of Illinois Domestic/Foreign Corporation 2025 Annual Report for FlavaWorks Entertainment, Inc.

explanation for, or evidence of, events that occurred during the approximate nine-year gap. This Court cannot infer or presume events for Plaintiffs.

Defendant Gordon cannot have contracted with a non-existent entity. Assuming, arguendo, that Defendant Gordon contracted with an entity in 2011, it could not have been with either Plaintiff here.

### D. The "Hubrys" screenshot fails to establish personal jurisdiction.

The "hubrys" screenshot marked as Exhibit A to Plaintiffs' Response does not prove that Defendant Gordon is the party who allegedly consented to RawRods.com's Legal Notices in order to access the site's free preview content in 2011. Plaintiffs provide no evidence that the login "hubrys," who accessed RawRods.com at 15:39:58 UTC alleged according to RawRod.com's records[11], is associated with Defendant Gordon.[12]

Unlike the plaintiff in *Flava Works Inc. v. Rossi,* Case No. 1:12-cv-01885, 2013 U.S. Dist. Lexis 46502, 2013 WL 1337326 (N.D. Ill. 2013), Plaintiffs have not provided any identity verification information (e.g., name, address, credit card number, credit card expiration date, and security code). Presumably, if Plaintiffs had this information, then they would have provided such evidence to this Court (while complying with Rules regarding disclosure of confidential information).

Additionally, Plaintiffs' have failed to carefully analyze *Flava Works Inc. v. Rossi,* Case No. 1:12-cv-01885, 2013 U.S. Dist. Lexis 46502, 2013 WL 1337326 (N.D. Ill. 2013). It is factually and legally distinguishable from this lawsuit. The plaintiff in *Rossi* was Flava Works, Inc. and a signatory to the "Subscription Agreement." Neither of these Plaintiffs were a signatory to the

---

[11] Plaintiffs have neither alleged nor attached as an exhibit that Plaintiffs owned RawRods.com then or now; therefore, this Court should not presume that Plaintiffs can ever do so and especially presume that Plaintiffs accurately represent RawRods.com's business records.

[12] A cursory search on Google of "hubrys," yielded dozens of people using that pseudonym.

"Subscription Agreement."

The defendant in *Flava Works Inc. v. Rossi* was a **paid** subscriber who also filed a counterclaim for breach of contract. Judge Lefko found that Rossi paid a subscription membership for approximately three years. It has not been alleged that Defendant Gordon ever paid any subscription membership because it would be categorically false. [Attached hereto is a true and correct copy of Judge Lefko's October 13, 2013 order dismissing Flava Work, Inc.'s 12(b)(6) motion to dismiss Rossi's counterclaim, as **Exhibit 3**.][13]

Because the *Rossi* defendant was a paid subscriber for over thirty-eight months for the paid subscriber content, Judge Lefkow found that the *Rossi* defendant had consented to venue and personal jurisdiction by "contract." Further, in *Rossi*, Flava Works, Inc. alleged that the *Rossi* Defendant uploaded videos from the paid subscription site to an online file sharing site. Plaintiffs have made no such allegation against Defendant Gordon, as Defendant Gordon was not a paid subscriber and could never have access to the paid subscription site to upload videos from the paid subscription site to an online file sharing site. That fact alone is distinguishable vis-à-vis personal jurisdiction.

Last, contrary to Plaintiffs' assertion in Plaintiffs' Response, the "hubrys" screenshot is *not* evidence that Defendant Gordon "accessed Plaintiffs' website" using the "log-in 'hubrys'" on November 9, 2011.[14] As stated above, Plaintiffs admit in their Response that there was both a free and paid side to content access. Assuming, arguendo, if any paid content had been infringed, then Plaintiffs would have much more subscription information than a log-in by "hubrys," to include

---

[13] Attached to this Reply, is **Exhibit 3**. It is Judge Lefko's October 13, 2013, order which found that Rossi signed up for a short term paid membership on July 21, 2007 with charges to Rossi's credit card for over 38 months through September 15, 2010.

[14] Plaintiffs also fail to properly allege the accrual of a copyright infringement especially critical here when Plaintiffs failed to allege what, where, how, and when this Defendant infringed a copyright owned by Plaintiffs especially on these facts.

credit card information such as "name, address, credit card, credit card effective date and security code." Importantly, Plaintiffs would have payment information as Flava Works, Inc. had in *Rossi*. None of that has been alleged because Plaintiffs do not have any credit card information because "hubrys" was not a paid subscriber who could upload subscription content to an online file sharing site. The "hubrys" screenshot, Exhibit A of Plaintiffs' Response, does *not* establish personal jurisdiction over the Defendant Gordon that satisfies the "minimum contacts" standard, as well as "fair play and substantial justice."

      E.   **Flava Works, Inc. has an open Chapter 7 Bankruptcy in the Northern District of Illinois and cannot be added as a party in this action.**

Plaintiffs can never amend this lawsuit by adding Flava Works, Inc. as a plaintiff. Flava Works, Inc. has a pending Chapter 7 bankruptcy in the Northern District of Illinois—Bankruptcy Petition #:25-01964 before the Honorable Michael Slade.

In Flava Works, Inc.'s Chapter 7 bankruptcy petition[15], Flava Works, Inc. has sworn that it has no intellectual property and no potential actions for copyright infringement. Adding Flava Works, Inc. to this lawsuit to pursue these copyright infringement claims would mean either Flava Works, Inc. misrepresented facts to the Bankruptcy Court or that it misrepresented facts to this Court. Flava Works, Inc. cannot both *have and not have* intellectual property and causes of action.

Flava Works, Inc. declared and *left blank* in response to the question: "All other names debtor used in the last 8 years" with the additional instruction, "Include any assumed names, trade names and *doing business as names"* on page 1 of the Chapter 7 Bankruptcy Petition. [See **EXB. 4**, page 1.] If Flava Works, Inc. did not list any of the assumed names, trade names, or doing business as names, then who had owned and operated those assumed and trade names listed at the

---

[15] Attached to this Reply as **Exhibit 4** is a copy of Flava Works, Inc. Chapter 7 Bankruptcy Petition dated February 8, 2025. Please see page 7 and YY of the Chapter 7 Bankruptcy Petition.

bottom of the "Subscription Agreement" since February 8, 2017? It was not either FlavaWorks Entertainment, Inc. or Blatino Media, Inc. because they did not exist on February 8, 2017.

In Flava Works, Inc.'s Schedule A/B: Assets to the Chapter 7 bankruptcy petition, and in response to question 59, "Does the debtor have any interest in intangibles or intellectual property?": Flava Works, Inc. checked "No." [See **Exhibit 4**, page 7, Part 10.]

Then in Flava Works, Inc.'s Schedule A/B: Assets to the Chapter 7 bankruptcy petition, and to question 74, "Causes of action against third parties (whether or not a lawsuit has been filed," Flava Works, Inc., again _left blank_ the entire section, to include the "Causes of Action," "Nature of Claim," and "Amount Requested." [See **Exhibit 4**, Question 74, page 8, Part 11.]

The amount of debts answer why Flava Works, Inc. did not pursue this lawsuit but these Plaintiffs have: the IRS is owed $723,765.50, the Illinois Department of Revenue $43,423 for a total of $767,188, and then other creditors, including two judgment creditors that resulted from attorney fee awards in federal copyright infringement lawsuits brought in the United States District Courts for the Southern District of Florida—$27,170 by A4A Network in Case Number 14-CV-23208-JAL, and $118,000 by SalsaIndy in Case Number 17-CV-01171. [See **Exhibit 4**, page 15, Schedule E/F, Part 1, §§2.1, 2.2, 3.3 and 3.8.]

The Chapter 7 Bankruptcy filed in the Northern District of Illinois on February 5, 2025, was not the first and only bankruptcy petition filed by Flava Works, Inc. Previously on July 17, 2021, Flava Works, Inc. filed a Chapter 11 Bankruptcy petition.[16] The Chapter 11 bankruptcy was dismissed on August 2, 2022 on motion because the debtor and creditors worked out an agreement pursuant to an Amended Plan of Reorganization.

---

[16] Attached hereto as **Exhibit 5** is Flava Works, Inc. Amended Plan of Reorganization entered 12/31/21. Curiously, in this document filed by Flava Works, Inc., it states that it was a "Profit Corporation formed on April 16, 2015 under the laws of the State of Illinois." That statement infers then that the corporation was a Florida corporation on November 9, 2011.

A review of critical terms of the Amended Plan is important to this motion to transfer:

1. "*The Debtor required relief under the Bankruptcy Code in order to stem legal proceedings by two if its creditors that sought to sell the major assets of the corporation*." **EXB 5**, page 1. [The assets Flava Works, Inc. entered Chapter 11 to protect are the subject copyrights that Plaintiffs allege was infringed in November 2011 and the creditors were holding Federal Court attorney fee awards.]

2. "(It is estimated that the distribution to unsecured creditors will be made over a five (5) year period in varying installment amounts totaling approximately 100%) The Debtor is the proponent of the Plan. The Plan provides for distribution to creditors with Allowed Claims from funds realized from the continued operation of the Debtor's business by the Debtor." **EXB 5**, page 2.

3. "The Internal Revenue Service has yet to file their claim. Phillip Bleicher is the sole stockholder of Flava Works' Inc.. Mr. Bleicher is fully responsible for the debts to the Internal Revenue Service, and he will pay the debt to the Internal Revenue Service directly." **EXB 5**, page 7 and also referenced on page 8.

4. "The Debtor shall retain any and all claims and causes of action it has against third parties. Such claims and causes of action shall survive and be unaffected by Confirmation of this Plan. Any funds realized from such retained claims and causes of action shall be property of the Debtor and may be used to make the payments to the holders of Allowed Claims pursuant to the Plan." **EXB 5**, page 15.

The third point above conflicts with the Chapter 7 Bankruptcy Schedules of Assets of non-answers and non-disclosures, as well as with filing this lawsuit.

The officer of Flava Works, Inc. who filed and executed the Chapter 7 Bankruptcy Petition, the Chapter 11 Bankruptcy Petition and noted as the President of FlavaWorks Entertainment, Inc. and Blatino Media, Inc., has one common thread: Mr. Philip Bleicher.

Flava Works, Inc. took the extreme measure of filing a Chapter 11 Bankruptcy petition to prevent the sale of the copyrights by two creditors that held Federal court attorney fee awards. Those copyrights are now the subject of this lawsuit. Yet, Flava Works, Inc. stated that in the Amended Reorganization Plan that it would keep those assets in its plan.

And yet, FlavaWorks Entertainment, Inc. acquired them eight-months later from Flava Works, Inc.. Flava Works, Inc. cannot now be named as a party to this lawsuit it has taken the

position that it neither owns any intellectual property nor listed any causes of action.

Nothing in the Fourth Amended Complaint has ever been pled that in the period following Flava Works, Inc.'s Chapter 11 dismissal, that FlavaWorks, Entertainment, Inc. and Blatino Media, Inc. acquired the copyrights, websites and causes of action. There is no exhibit attached to the Fourth Amended Complaint or Plaintiffs' Response that reflects FlavaWorks, Entertainment, Inc. and Blatino Media, Inc. paid consideration for the Flava Work, Inc. copyrights, websites **and** causes of action. Because no such evidence currently exists.

F. **Flava Works, Inc. is the only entity that filed for copyright protection, not Plaintiffs**.

Contrary to Plaintiffs' assertion in their Response **and** in Paragraph 14 of the Fourth Amended Complaint, as well as in Exhibit B to the Fourth Amended Complaint, the Plaintiffs never filed *any* copyright registration with the United States Copyright Office; Flava Works, Inc. did. The United States Copyright Office also has no record of a transfer of ownership to these Plaintiffs on the copyrights listed in Exhibit B to the Fourth Amended Complaint. The Plaintiffs have not established subject matter jurisdiction, let alone establish personal jurisdiction.

**Conclusion**

The United States District Court for the Northern District of Georgia is the only appropriate forum within which to litigate Plaintiffs' copyright infringement claims. However, because Plaintiffs clearly filed in the wrong venue, pursuant to 28 U.S.C. § 1406(a), this honorable court should dismiss Plaintiffs' lawsuit with directions to refile within the appropriate district.[17]

The Court should grant the relief requested because:

A. **The Defendant Gordon is a resident and domiciled in Georgia**.
B. **Plaintiffs Can Never Exercise Personal Jurisdiction over Defendant Gordon.**
C. **Either grant the transfer to the United States District Court for the Northern District of Georgia or enter a dismissal.**

---

[17] This Defendant continues to reserve the right to file Motions to Dismiss based on Rules 12(b)(1) -12(b)(6).

**WHEREFORE**, for the reasons stated above, the Defendant Michael Shane Gordon respectfully requests that this Honorable Court grant an interdistrict transfer of this lawsuit from the United States District Court for the Northern District of Illinois to the United States District Court for the Northern District of Georgia, dismissal, or for relief the court deems just.

Dated: October 10, 2025.

<div align="right">

*(s) Michael P. Simkus*
**FS CORPS, Professional Corporation**
MICHAEL P. SIMKUS, ESQ.
4320 WINFIELD ROAD SUITE 200
WARRENVILLE, ILLINIOIS 60555
(630) 699-3000

</div>

**Exhibit 1**

## State of Illinois
### Domestic/Foreign Corporation Annual Report

| | |
|---|---|
| Year | Corporation File No |
| 2025 | 72860217 |

FILED  July 23, 2025

**Alexi Giannoulias, Secretary of State**

**1.** **Corporate Name** BLATINO MEDIA, INC.

    **Registered Agent** CHRISTIAN BLACK

    **Registered Office** 2705 W FULTON ST

    **City, IL, Zip Code, County** CHICAGO, IL  60612-2003 COOK

**2.** **Principal address of Corporation** 2705 WEST FULTON ST
    CHICAGO, IL  60612

**3a.** **State or Country of Incorporation** ILLINOIS     **3b. Date Incorporated/Qualified** 07-29-2020

**4.** **The names and addresses of ALL officers & directors MUST be listed here!**

| Officers | |
|---|---|
| Title<br>Name & Address | PRESIDENT<br>PHILLIP BLEICHER 2705 WEST FUL<br>TON ST CHICAGO IL, 60612 |
| Title<br>Name & Address | SECRETARY<br>CHRISTIAN BLACK 2705 WEST FULT<br>ON ST CHICAGO IL, 60612 |
| Title<br>Name & Address | DIRECTOR<br>PHILLIP BLEICHER<br>2705 WEST FULTON ST<br>CHICAGO, IL  60612 |

**5.** **If 51% or more of the stock is owned by a minority or female, please check the appropriate box**

☐ Minority      ☐ Female      ☐ Both

**6.** **Number of shares authorized and issued as of** 4-30-2025

| Class | Series | Par Value | Number Authorized | Number Issued |
|---|---|---|---|---|
| COMMON | | 0.000000 | 100 | 100.000 |
| | | | | |

**7.** **The amount of paid-in-capital as of** 4-30-2025      **is $** 100

**8.** **All property owned by the corporation is located in Illinois and all business transacted by the corporation is in Illinois.**

**9.** **Under the penalty of perjury and as an authorized officer, I declare that this annual report, pursuant to provisions of the Business Corporation Act, has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.**

**By** PHILLIP BLEICHER
    **Authorized Officer**

PRESIDENT      July 23, 2025
**Title & Date**

| Fee Summary | |
|---|---|
| Franchise Tax: | $0.00 |
| Filing Fee: | $75.00 |
| Penalty: | $0.00 |
| Interest: | $0.00 |
| Total Fee: | $75.00 |

This document was electronically generated at www.ilsos.gov

**Exhibit 2**

### State of Illinois
### Domestic/Foreign Corporation Annual Report

| | |
|---|---|
| Year | Corporation File No |
| 2025 | 74258255 |

FILED   July 23, 2025

**Alexi Giannoulias, Secretary of State**

1. **Corporate Name** FLAVAWORKS ENTERTAINMENT, INC.

   **Registered Agent** CHRISTIAN BLACK

   **Registered Office** 2705 W FULTON ST

   **City, IL, Zip Code, County** CHICAGO, IL  60612-2003 COOK

2. **Principal address of Corporation** 2705 WEST FULTON ST
   CHICAGO, IL  60612

3a. **State or Country of Incorporation** ILLINOIS       3b. **Date Incorporated/Qualified** 05-19-2023

4. **The names and addresses of ALL officers & directors MUST be listed here!**

| Officers | |
|---|---|
| Title | PRESIDENT |
| Name & Address | PHILLIP BLEICHER 2705 WEST FULTON ST, CHICAGO IL 60612 |
| Title | SECRETARY |
| Name & Address | CHRISTIAN BLACK 2705 WEST FULTON ST, CHICAGO IL 60612 |
| Title | DIRECTOR |
| Name & Address | PHILLIP BLEICHER 2705 WEST FULTON ST CHICAGO, IL  60612 |

5. **If 51% or more of the stock is owned by a minority or female, please check the appropriate box**

   ☐ Minority    ☐ Female    ☐ Both

6. **Number of shares authorized and issued as of** 2-28-2025

| Class | Series | Par Value | Number Authorized | Number Issued |
|---|---|---|---|---|
| COMMON | | 0.000000 | 100 | 100.000 |
| | | | | |

7. **The amount of paid-in-capital as of** 2-28-2025 **is $** 100

8. **All property owned by the corporation is located in Illinois and all business transacted by the corporation is in Illinois.**

9. **Under the penalty of perjury and as an authorized officer, I declare that this annual report, pursuant to provisions of the Business Corporation Act, has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.**

| Fee Summary | |
|---|---|
| Franchise Tax: | $0.00 |
| Filing Fee: | $75.00 |
| Penalty: | $0.00 |
| Interest: | $0.00 |
| Total Fee: | $75.00 |

**By** PHILLIP BLEICHER
**Authorized Officer**

PRESIDENT       July 23, 2025
**Title & Date**

This document was electronically generated at www.ilsos.gov

**Exhibit 3**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff | ) | Case No: 12-CV-1885 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| FRANK ROSSI, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER

Plaintiff Flava Works, Inc.'s motion to dismiss for failure to state a claim (32) is denied.  See statement.

### STATEMENT

Defendant Frank Rossi has filed a counterclaim for breach of contract based on plaintiff Flava Works, Inc.'s ("Flava Works") alleged refusal to timely cancel his membership to a video website operated by Flava Works.  (Dkt. #26.) Specifically, Rossi alleges[1] that on or about July 21, 2007, he signed up for a short-term trial membership for Flava Works's website.  Before the conclusion of the trial membership, Rossi tried to cancel his membership through Flava Works's billing services company, CCBill.com, but he could not locate his membership in his CCBill.com account listing.  Rossi contacted CCBill.com's customer service department, which told him that he needed to contact Flava Works directly to cancel his membership.  On or about July 22, 2007, Rossi contacted Flava Works through its support page website.  Flava Works responded to Rossi's cancellation request by stating, "Unfortunately, as it states on our website and in your subscription email receipt, the webmaster is unable to cancel your membership, only the billing company can cancel a membership."  (Countercl. Ex. 1.)

CCBill.com continued to bill Rossi for his membership, although it did not label the charges on Rossi's credit card statements in a way that would have been self-evident.  In September 2010, Rossi realized that he was still being charged monthly for an account through CCBill.com but could not ascertain through his CCBill.com account to which website the charges were attributable.  Rossi contacted CCBill.com's customer service and, without identifying the account, CCBill.com canceled the website billing on or about September 15, 2010.  (Countercl. Ex. 2.)

Rossi alleges that Flava Works's refusal to cancel his membership in 2007 breached section

---

[1]  These allegations are presumed true for the purpose of resolving the pending motion.  *See Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002).

10.1 of the user/subscriber agreement, which states that "You may cancel your subscription in the Support section of this site." (3d Am. Compl. Ex. A.) Rossi alleges that as a result of the breach, he incurred 38 months of monthly subscription fees totaling approximately $500.

Flava Works has moved to dismiss Rossi's breach of contract claim under Federal Rule of Civil Procedure 12(b)(6) arguing that he has failed to plead the requisite elements of his claim. To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem.'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

Under Illinois law,[2] a plaintiff alleging breach of contract must show "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC* v. *Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (internal quotation marks omitted). To survive a motion to dismiss, Rossi need only "describe the claim in sufficient detail to give [Flava Works] fair notice of what the claim is and the grounds upon which it rests" and "plausibly suggest that [he] has a right to relief, raising that possibility above a speculative level." *E.E.O.C.* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations and citation omitted). "[T]here is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions (inapplicable to this case) listed in Rule 9." *Walker* v. *Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). This proposition holds true even after *Twombly* and *Iqbal*. *See Swanson* v. *Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Hatmaker*, 619 F.3d at 743; *AT&T Corp.* v. *Van Ru Credit Corp.*, No. 10 C 7059, 2011 WL 211574, at *1 (N.D. Ill. Jan. 21, 2011). Rossi has met these pleading requirements here. The allegations in his counterclaim demonstrate that (1) the user/subscriber agreement is a valid and enforceable contract (Countercl. ¶ 7); (2) Rossi performed under the contract by paying Flava Works a monthly membership fee (Countercl. ¶ 25); (3) Flava Works breached the contract by failing to cancel Rossi's membership as set forth in the agreement (Countercl. ¶ 7) ; and (4) Rossi suffered damages (Countercl. ¶¶ 25–27). These allegations are sufficient to give Flava Works fair notice of Rossi's claim. *See AT&T Corp.*, 2011 WL 211574, at *1. Its motion to dismiss is therefore denied.

Date: October 22, 2013

U.S. District Judge Joan H. Lefkow

---

[2] The subscriber agreement states that it "shall be construed in accordance with either Illinois or Florida law." (3d Am. Compl. Ex. A § 11.1.) Flava Works has relied on Illinois law in bringing it motion and Rossi has not objected. The court will therefore assume that Illinois law applies.

**Exhibit 4**

Fill in this information to identify the case:

United States Bankruptcy Court for the:

**Northern District of Illinois**

Case number (if known): _____  Chapter __7__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | **Flava Works, Inc.** |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| **3. Debtor's federal Employer Identification Number (EIN)** | **2 0 – 1 8 3 7 5 2 9** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **PO Box 2495**<br>Number        Street | Number        Street |
| **Chicago, IL 60690**<br>City                State    ZIP Code | City                State    ZIP Code |
| **Cook**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number        Street<br><br>City                State    ZIP Code |

| | |
|---|---|
| **5. Debtor's website (URL)** | |
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

**Exhibit 4**

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. §101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. §781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5   1   2   1**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☑ Yes. District **Northern District of Illinois**    When **7/1/2021** (MM / DD / YYYY)    Case number **21-08585**

District _____    When _____ (MM / DD / YYYY)    Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____    Relationship _____

District _____    When _____ (MM / DD / YYYY)

Case number, if known _____

Debtor    __Flava Works, Inc._____    Case number *(if known)* _____
        Name

| | | |
|---|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:* | |
| | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. | |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |

| | | |
|---|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No | |
| | ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. | |
| | **Why does the property need immediate attention?** *(Check all that apply.)* | |
| | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. | |
| |     What is the hazard? _____ | |
| | ☐ It needs to be physically secured or protected from the weather. | |
| | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). | |
| | ☐ Other _____ | |
| | **Where is the property?** _____ | |
| |     Number      Street | |
| | _____ | |
| | _____ | |
| |     City      State    ZIP Code | |
| | **Is the property insured?** | |
| | ☐ No | |
| | ☐ Yes.    Insurance agency _____ | |
| |            Contact name _____ | |
| |            Phone _____ | |

## ▮ Statistical and administrative information

| | | | | |
|---|---|---|---|---|
| **13. Debtor's estimation of available funds?** | *Check one:* | | | |
| | ☐ Funds will be available for distribution to unsecured creditors. | | | |
| | ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | | |
| **14. Estimated number of creditors** | ☑ 1-49 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 25,001-50,000 | ☐ 50,000-100,000 |
| | ☐ 50-99 | ☐ 10,001-25,000 | | ☐ More than 100,000 | |
| | ☐ 100-199 | | | | |
| | ☐ 200-999 | | | | |
| **15. Estimated assets** | ☑ $0-$50,000 | ☐ $1,000,001-$10 million | | ☐ $500,000,001-$1 billion | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | | ☐ $1,000,000,001-$10 billion | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | | ☐ More than $50 billion | |

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/07/2025**
                MM/ DD/ YYYY

X **/s/ Phillip Bleicher**                          **Phillip Bleicher**
Signature of authorized representative of debtor       Printed name

Title          **Owner**

**18. Signature of attorney**

X          **/s/ Robert J Adams**          Date **02/07/2025**
Signature of attorney for debtor                        MM/ DD/ YYYY

**Robert J Adams**
Printed name

**Robert J. Adams & Associates**
Firm name

**1200 W 35th St 433**
Number          Street

**Chicago**                          **IL**          **60609-1305**
City                                State          ZIP Code

_____              **staff.rja@gmail.com**
Contact phone                         Email address

_____              **IL**
Bar number                            State

Fill in this information to identify the case:

Debtor Name     **Flava Works, Inc.**

United States Bankruptcy Court for the: _____     **Northern**     District of     **Illinois**
                                                                                    (State)

Case number (If
known): _____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|

2. **Cash on hand**                                                               _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number

   3.1. **None**                 **Checking account**       **2  0  2  3**          **$0.00**

4. **Other cash equivalents** *(Identify all)*

   4.1  _____          _____

   4.2  _____          _____

5. **Total of Part 1**                                                            | **$0.00** |
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1  _____          _____

   7.2  _____          _____

Debtor **Flava Works, Inc.** _____    Case number *(if known)* _____
Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1 _____    _____

   8.2 _____    _____

9. **Total of Part 2**

   Add lines 7 through 8. Copy the total to line 81.    [_____]

---

**Part 3:**    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    |  |
    |---|
    | **Current value of debtor's interest** |

11. **Accounts receivable**

    11a. 90 days old or less:  _____ - _____ = .... ➡    _____
                                face amount       doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ - _____ = .... ➡    _____
                                face amount       doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    [_____]

---

**Part 4:**    Investments

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    | Valuation method used for current value | Current value of debtor's interest |
    |---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1 _____    _____    _____

    14.2 _____    _____    _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                    % of ownership:

    15.1 _____    _____    _____    _____

    15.2 _____    _____    _____    _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

---

| Debtor | Flava Works, Inc. | | Case number *(if known)* | |
|--------|-------------------|---|---|---|
| | Name | | | |

| | 16.1 | | | |
|---|---|---|---|---|
| | 16.2 | | | |

**17.** **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

---

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

**18.** **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|------------------------------------------------------|-----------------------------------------|------------------------------------|
| **19.** **Raw materials** | | | | |
| | MM / DD / YYYY | | | |
| **20.** **Work in progress** | | | | |
| | MM / DD / YYYY | | | |
| **21.** **Finished goods, including goods held for resale** | | | | |
| | MM / DD / YYYY | | | |
| **22.** **Other inventory or supplies** | | | | |
| | MM / DD / YYYY | | | |

**23.** **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

**24.** **Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.  Book value _____  Valuation method _____  Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|--------------------------------------------------------------------------------|

**27.** **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

Debtor    **Flava Works, Inc.**

_____

Name

Case number *(if known)* _____

| | General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 28. | **Crops—either planted or harvested** | | | |
| 29. | **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. | **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. | **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. | **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.  Book value _____  Valuation method _____  Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |

| Debtor | Flava Works, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. | **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| | 42.1 | | | |
| | 42.2 | | | |
| | 42.3 | | | |

43. **Total of Part 7**

   Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☑ No

   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☑ No

   ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☑ No. Go to Part 9.

   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | (Where available) | | |
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | |
| 47.2 | | | |
| 47.3 | | | |
| 47.4 | | | |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | |

| Debtor | Flava Works, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

48.2 _____      _____  _____  _____

49. **Aircraft and accessories**

49.1 _____      _____  _____  _____

49.2 _____      _____  _____  _____

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

_____      _____  _____  _____

51. **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | _____ |
| 55.2 _____ | _____ | _____ | _____ | _____ |
| 55.3 _____ | _____ | _____ | _____ | _____ |
| 55.4 _____ | _____ | _____ | _____ | _____ |
| 55.5 _____ | _____ | _____ | _____ | _____ |
| 55.6 _____ | _____ | _____ | _____ | _____ |

56. **Total of Part 9**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

---

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Part 10:**   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| | _____ | _____ | _____ |
| 61. **Internet domain names and websites** | | | |
| | _____ | _____ | _____ |
| 62. **Licenses, franchises, and royalties** | | | |
| | _____ | _____ | _____ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| | _____ | _____ | _____ |
| 64. **Other intangibles, or intellectual property** | | | |
| | _____ | _____ | _____ |
| 65. **Goodwill** | | | |
| | _____ | _____ | _____ |

66. **Total of Part 10**
    Add lines 60 through 65. Copy the total to line 89.

    [_____]

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Part 11:**   All other assets

| Debtor | **Flava Works, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

<table>
<tr><td></td><td style="background:#ccc">Current value of<br>debtor's interest</td></tr>
</table>

71. **Notes receivable**

Description (include name of obligor)

_____    _____ – _____ = ➡ _____
                        Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax year _____    _____

_____    Tax year _____    _____

_____    Tax year _____    _____

73. **Interests in insurance policies or annuities**

_____    _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____    _____

Nature of claim    _____

Amount requested    _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____    _____

Nature of claim    _____

Amount requested    _____

76. **Trusts, equitable or future interests in property**

_____    _____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**Buisness Closed 2023**    **unknown**

78. **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90.    ┌──────────┐
                                                        └──────────┘

---

Debtor    **Flava Works, Inc.**
_____    Case number *(if known)* _____
Name

| | | |
|---|---|---|
| 79. | **Has any of the property listed in Part 11 been appraised by a professional within the last year?** | |
| | ☑ No | |
| | ☐ Yes | |

**Part 12:**    Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real property.** *Copy line 56, Part 9* .................................................... ➔ | | |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + unknown | |
| 91. **Total.** *Add lines 80 through 90 for each column* ..........................91a. | $0.00 | + 91b. |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................ | | $0.00 |

Fill in this information to identify the case:

Debtor name __**Flava Works, Inc.**__

United States Bankruptcy Court for the: _____**Northern**_____ District of _____**Illinois**_____
(State)

Case number (if known): _____

☐ Check if this is an amended filing

**Official Form 206D**

# Schedule D: Creditors Who Have Claims Secured by Property
12/15

**Be as complete and accurate as possible.**

**1.** **Do any creditors have claims secured by debtor's property?**
- ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
- ☐ Yes. Fill in all of the information below.

| **Part 1:** | List Creditors Who Have Secured Claims |
| --- | --- |

**2.** **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
| --- | --- | --- |

**2.1** **Creditor's name**
_____

**Creditor's mailing address**
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____

**Describe debtor's property that is subject to a lien**
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**3.** **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**
_____

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Flava Works, Inc.** |
| United States Bankruptcy Court for the: | **Northern District of Illinois** |
| Case number (if known): | |

☐ Check if this is an
amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases*(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:  List All Creditors with PRIORITY Unsecured Claims

**1.**  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2.**  List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address <br><br> **Department of the Treasury** <br><br> **Internal Revenue Service** <br><br> **P.O. Box 7346** <br><br> **Philadelphia, PA 19101-7346** <br><br> Date or dates debt was incurred <br><br> Last 4 digits of account number ___ ___ ___ ___ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) **(8)** | As of the petition filing date, the claim is: *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> Basis for the Claim: <br><br> Is the claim subject to offset? <br> ☑ No <br> ☐ Yes | | **$723,675.50** | **$300,000.00** |
| **2.2** | Priority creditor's name and mailing address <br><br> **Illinois Department of Revenue** <br><br> **Bankruptcy Section** <br><br> **Bankruptcy Section, P.O. Box 19035** <br><br> **Springfield, IL 62794-9035** <br><br> Date or dates debt was incurred <br><br> Last 4 digits of account number ___ ___ ___ ___ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ___ | As of the petition filing date, the claim is: *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> Basis for the Claim: <br><br> Is the claim subject to offset? <br> ☑ No <br> ☐ Yes | | **$43,423.90** | **$37,959.92** |

| Debtor | **Flava Works, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  |  | **Amount of claim** |
|---|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

**Neal, Gerber & Eisenberg LLP**

**Two N. LaSalee 1700**

**Chicago, IL 60602**

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☑ No
☐ Yes

Amount of claim: **unknown**

---

**3.2** Nonpriority creditor's name and mailing address

**933 W. Irving Park Corp**

**4444 W. Montrose**

**Chicago, IL 60641**

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Judgment Oct 17, 2019**

Is the claim subject to offset?
☑ No
☐ Yes

Amount of claim: **unknown**

---

**3.3** Nonpriority creditor's name and mailing address

**A4A RÉSEAU INC. DBA, A4A NETWORK INC.**

**500, Place d'Armes 1800.00**

**Montreal QC H2L 2W3 Canada,**

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

Remarks: 14-CV-23208-JAL

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☑ No
☐ Yes

Amount of claim: **$27,170.00**

---

**3.4** Nonpriority creditor's name and mailing address

**Blaise & Nitschke, P.C.**

**145 S. Wells**

**Chicago, IL 60616**

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☑ No
☐ Yes

Amount of claim: **unknown**

| Debtor | **Flava Works, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

| **Part 2:** | Additional Page |
|---|---|

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | unknown |
|---|---|---|---|

**BRADLEY LEGAL GROUP P.A.**

**1217 E BROWARD BOULEVARD**

**Fort Lauderdale, FL 33301**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

**Basis for the claim:** _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | unknown |
|---|---|---|---|

**Law Office of Bryan E. Moore, P. C**

**2476 Meadowdale Lane**

**Woodridge, IL 60517**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

**Basis for the claim:** _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | unknown |
|---|---|---|---|

**Mandell Menkes LLC**

**333 W. Wacker 450**

**Chicago, IL 60606**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

**Basis for the claim:** _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $118,000.00 |
|---|---|---|---|

**Marques Rondale Gunter and Salsalndy LLC**

**d/b/a Salsaindy LLC**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** **17-CV-01171**

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

---

| Debtor | **Flava Works, Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

<table>
<tr><td style="background:black;color:white"><strong>Part 3:</strong></td><td colspan="2">List Others to Be Notified About Unsecured Claims</td></tr>
</table>

4.  **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| **4.1** **Lisa Collyer** | Line **3.2** | |
| **4444 W MONTROSE AVE** | ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| **Chicago, IL 60641** | _____ | |
| **4.2** **United States Attorney's Office** | Line **2.1** | |
| **219 S. Dearborn** | ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| **Chicago, IL 60604** | _____ | |

Debtor    **Flava Works, Inc.**
_____
Name

Case number *(if known)* _____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $767,099.40 |
| 5b. | **Total claims from Part 2** | 5b. | **+** $145,170.00 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $912,269.40 |

| Fill in this information to identify the case: |
|---|

Debtor name        **Flava Works, Inc.**

United States Bankruptcy Court for the:

       **Northern District of Illinois**

Case number (if known): _____ Chapter   **7**

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases      12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. Does the debtor have any executory contracts or unexpired leases?

   ☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Flava Works, Inc.** |
| United States Bankruptcy Court for the: | **Northern** District of **Illinois** |
| | (State) |
| Case number (If known): | |

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| 1. | **Does the debtor have any codebtors?** |
|---|---|
| | ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☐ Yes |

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | Street _____ <br><br> _____ <br> City    State    ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 _____ | Street _____ <br><br> _____ <br> City    State    ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 _____ | Street _____ <br><br> _____ <br> City    State    ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 _____ | Street _____ <br><br> _____ <br> City    State    ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

Debtor    **Flava Works, Inc.**
_____
Name

Case number (if known) _____

| | | |
|---|---|---|
| | Additional Page if Debtor Has More Codebtors | |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | Name | Mailing address | Name | *Check all schedules that apply:* |
| 2.5 | _____ | Street _____ _____ City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | _____ | Street _____ _____ City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case:

Debtor name **Flava Works, Inc.**

United States Bankruptcy Court for the:

**Northern District of Illinois**

Case number (if known): _____ Chapter _____**7**_____

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:** Summary of Assets

---

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real Property:**

   Copy line 88 from *Schedule A/B*.................................................................................. | $0.00 |

   1b. **Total personal property:**

   Copy line 91A from *Schedule A/B*.............................................................................. | $0.00 |

   1c. **Total of all property:**

   Copy line 92 from *Schedule A/B*.............................................................................. | $0.00 |

---

**Part 2:** Summary of Liabilities

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*................. | $0.00 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................... | $767,099.40 |

   3b. **Total amount of claims of non-priority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...................................... | + $145,170.00 |

4. **Total liabilities**...........................................................................................................

   Lines 2 + 3a + 3b | $912,269.40 |

---

| Fill in this information to identify the case: |
|---|
| Debtor name **Flava Works, Inc.** |
| United States Bankruptcy Court for the: **Northern District of Illinois** |
| Case number (if known): _____ |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

1. **Gross revenue from business**

   ☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From **01/01/2025** to Filing date<br>MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:** | From **01/01/2024** to **12/31/2024**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **$0.00** |
| **For the year before that:** | From **01/01/2023** to **12/31/2023**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **$0.00** |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From **01/01/2025** to Filing date<br>MM/ DD/ YYYY | _____ | _____ |
| **For prior year:** | From **01/01/2024** to **12/31/2024**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | _____ | _____ |
| **For the year before that:** | From **01/01/2023** to **12/31/2023**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | _____ | _____ |

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
| --- | --- | --- |
| | Name | |

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
| --- | --- | --- | --- |
| 3.1. _____ <br><br> Creditor's name <br><br> _____ <br> Street <br><br> _____ <br><br> _____ <br> City          State    ZIP Code | _____ <br><br> _____ <br><br> _____ | _____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
| --- | --- | --- | --- |
| 4.1. _____ <br><br> Creditor's name <br><br> _____ <br> Street <br><br> _____ <br><br> _____ <br> City          State    ZIP Code <br><br> **Relationship to debtor** <br><br> _____ | _____ <br><br> _____ | _____ | _____ <br><br> _____ <br><br> _____ |

**5.** **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
| --- | --- | --- | --- |

Debtor    **Flava Works, Inc.**

Name                                                                                          Case number *(if known)* _____

5.1. _____
Creditor's name

_____
Street

_____
_____
City          State    ZIP Code

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>_____<br>City      State    ZIP Code | _____<br><br>XXXX–__ __ __ __ | _____ | _____ |

| **Part 3:** | Legal Actions or Assignments |
|---|---|

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **Flava Works, Inc. v. A4A Reseau, Inc., et al.**<br><br>**Case number**<br><br>**14-2320** | **Collections** | **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**<br>Name<br>**400 North Miami Avenue**<br>Street<br><br>**Miami, FL 33128**<br>City      State    ZIP Code | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                    page **3**

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

| 8.1. | Custodian's name and address | Description of the property | Value |
|---|---|---|---|

Custodian's name

Street

City          State     ZIP Code

Case title

Case number

Date of order or assignment

Court name and address

Name

Street

City          State     ZIP Code

---

## Part 4: Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| 9.1. | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|

Recipient's name

Street

City          State     ZIP Code

Recipient's relationship to debtor

---

## Part 5: Certain Losses

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| 10.1. | | | |

---

## Part 6: Certain Payments or Transfers

**11.** **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

---

| Official Form 207 | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy | page 4 |
|---|---|---|

Debtor    **Flava Works, Inc.**                                        Case number *(if known)*
          Name

| 11.1. | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
|  | **Robert J. Adams & Associates** | **Attorney's Fee** | **2/7/2025** | **$0.00** |

| Address |
|---|
| **1200 W 35th St 433** |
| Street |

| **Chicago, IL 60609-1305** | | |
|---|---|---|
| City | State | ZIP Code |

| Email or website address |
|---|
| **staff.rja@gmail.com** |

| Who made the payment, if not debtor? |
|---|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| 12.1. | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
|  | Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Debtor | **Flava Works, Inc.** | | Case number *(if known)* |
|---|---|---|---|
| | Name | | |

| 13.1. | Who received the transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| | | | | |

| Address | |
|---|---|
| | |
| Street | |
| | |
| City     State     ZIP Code | |
| Relationship to debtor | |
| | |

---

**Part 7:** Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. **2445 West Harrison St** | From _____ To **2022** |
| Street | |
| **60612** | |
| City     State     ZIP Code | |

---

**Part 8:** Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—diagnosing or treating injury, deformity, or disease, or
—providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. | | |
| Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City     State     ZIP Code | | *Check all that apply:*  ☐ Electronically  ☐ Paper |

| Debtor | **Flava Works, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

| **Part 9:** | Personally Identifiable Information |
|---|---|

**16.  Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | |

   EIN:  __ __ – __ __ __ __ __ __ __

   Has the plan been terminated?

   ☐ No

   ☐ Yes

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18.  Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br>Name<br><br>Street<br><br><br>City          State     ZIP Code | XXXX– __ __ __ __ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other<br><br>_____ | _____ | _____ |

**19.  Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

Debtor    **Flava Works, Inc.**                                                    Case number *(if known)*
          Name

| 19.1 | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|------|------|------|------|------|
| | | | | ☐ No |
| | Name | | | ☐ Yes |
| | Street | | | |
| | | **Address** | | |
| | City          State    ZIP Code | | | |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| 20.1 | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|------|------|------|------|------|
| | | | | ☐ No |
| | Name | | | ☐ Yes |
| | Street | | | |
| | | **Address** | | |
| | City          State    ZIP Code | | | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|------|------|------|------|
| | | | |
| Name | | | |
| Street | | | |
| City          State    ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Debtor   **Flava Works, Inc.**                                                          Case number *(if known)*
      Name

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | Name _____ | _____ | ☐ Pending |
| **Case number** | Street _____ | _____ | ☐ On appeal |
| _____ | _____ | _____ | ☐ Concluded |
|  | City    State  ZIP Code |  |  |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name _____ | Name _____ | _____ | _____ |
| Street _____ | Street _____ | _____ |  |
| _____ | _____ | _____ |  |
| City  State  ZIP Code | City  State  ZIP Code |  |  |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name _____ | Name _____ | _____ |  |
| Street _____ | Street _____ | _____ |  |
| _____ | _____ | _____ |  |
| City  State  ZIP Code | City  State  ZIP Code |  |  |

**Part 13:**  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Debtor | Flava Works, Inc. | | Case number *(if known)* |
|---|---|---|---|
| | Name | | |

| Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |

25.1.

Name

Street

City        State        ZIP Code

EIN: __ __ – __ __ __ __ __ __ __

**Dates business existed**

From _____        To _____

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. **Phillip Bleicher** | From _____ To **2022** |
| Name | |
| **PO Box 2495** | |
| Street | |
| **Chicago, IL 60690** | |
| City        State        ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. | From _____ To _____ |
| Name | |
| Street | |
| City        State        ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | |
| Name | |
| Street | |
| City        State        ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

26d.1.

Name

Street

City                    State            ZIP Code

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

| Name and address of the person who has possession of inventory records |
|---|

27.1.

Name

Street

City                    State            ZIP Code

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| | | , | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | , | From _____  To _____ |

## 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Debtor | Flava Works, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|

30.1.

Name

Street

City                              State        ZIP Code

| Relationship to debtor |
|---|

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: _ _ – _ _ _ _ _ _ _ |

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: _ _ – _ _ _ _ _ _ _ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___02/07/2025___
                MM/  DD/  YYYY

**X** /s/ Phillip Bleicher                          Printed name          **Phillip Bleicher**
Signature of individual signing on behalf of the debtor

Position or relationship to debtor          **Owner**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No

☐ Yes

Fill in this information to identify the case:

Debtor name **Flava Works, Inc.**

United States Bankruptcy Court for the:

**Northern District of Illinois**

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Department of the Treasury Internal Revenue Service P.O. Box 7346 Philadelphia, PA 19101-7346 | | | | | | $723,675.50 |
| 2 | Marques Rondale Gunter and SalsaIndy LLC d/b/a Salsaindy LLC , | | 17-CV-01171 | | | | $118,000.00 |
| 3 | Illinois Department of Revenue Bankruptcy Section Bankruptcy Section, P.O. Box 19035 Springfield, IL 62794-9035 | | | | | | $43,423.90 |
| 4 | A4A RÉSEAU INC. DBA, A4A NETWORK INC. 500, Place d'Armes 1800.00 Montreal QC H2L 2W3 Canada, | | | Disputed | | | $27,170.00 |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor    **Flava Works, Inc.**

Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

**In re**      Flava Works, Inc.

Case No. _____

**Debtor**

Chapter _____**7**_____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☑ **FLAT FEE**

For legal services, I have agreed to accept ........................................................................ **$3,500.00**

Prior to the filing of this statement I have received .......................................................... **$0.00**

Balance Due ........................................................................................................................ **$3,500.00**

☐ **RETAINER**

For legal services, I have agreed to accept and received a retainer of ................................... _____

The undersigned shall bill against the retainer at an hourly rate of ......................................... _____
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  _____**$338.00**_____ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☑ Debtor          ☐ Other (specify)

4.  The source of compensation to be paid to me is:

    ☑ Debtor          ☐ Other (specify)

5.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

B2030 (Form 2030) (12/15)

    b.    Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

<div style="border:1px solid black; padding:1em;">

CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

<u>**02/07/2025**</u>              <u>**/s/ Robert J Adams**</u>

*Date*                    Robert J Adams
                   *Signature of Attorney*

                          Robert J. Adams & Associates
                             1200 W 35th St 433
                             Chicago, IL 60609-1305
                             Phone: (312) 346-0100

                   <u>**Robert J. Adams & Associates**</u>
                   *Name of law firm*

</div>

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE: **Flava Works, Inc.**                                    CASE NO

                                                               CHAPTER **7**


**VERIFICATION OF CREDITOR MATRIX**


The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date ___**02/07/2025**___     Signature _____**/s/ Phillip Bleicher**_____

                                                    Phillip Bleicher, Owner

Neal, Gerber & Eisenberg LLP
Two N. LaSalee 1700
Chicago, IL 60602

933 W. Irving Park Corp
4444 W. Montrose
Chicago, IL 60641

A4A RÉSEAU INC. DBA, A4A
NETWORK INC.
500, Place d'Armes 1800.00
Montreal QC H2L 2W3 Canada

Blaise & Nitschke, P.C.
145 S. Wells
Chicago, IL 60616

BRADLEY LEGAL GROUP P.A.
1217 E BROWARD BOULEVARD
Fort Lauderdale, FL 33301

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Illinois Department of
Revenue
Bankruptcy Section
Bankruptcy Section, P.O. Box 19035
Springfield, IL 62794-9035

Law Office of Bryan E. Moore,
P. C
2476 Meadowdale Lane
Woodridge, IL 60517

Lisa Collyer
4444 W MONTROSE AVE
Chicago, IL 60641


Mandell Menkes LLC
333 W. Wacker 450
Chicago, IL 60606


Marques Rondale Gunter and
Salsalndy LLC
d/b/a Salsaindy LLC


US Trustee Patrick S. Layng
219 S Dearborn St Rm 873
Chicago, IL 60604-2027


United States Attorney's
Office
219 S. Dearborn
Chicago, IL 60604


United States Trustee
219 S Dearborn St Rm 873
Chicago, IL 60604-2027

Debtor    **Flava Works, Inc.**                                          Case number *(if known)* _____
          <sub>Name</sub>

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING —**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM/  DD/  YYYY

X _____                    **Phillip Bleicher**
   Signature of authorized representative of debtor    Printed name

Title _____ **Owner** _____

**18. Signature of attorney**

X _____                    Date  **02/07/2025**
   Signature of attorney for debtor                   MM/  DD/  YYYY

**Robert J Adams**
Printed name

**Robert J. Adams & Associates**
Firm name

**1200 W 35th St 433**
Number          Street

**Chicago**                              **IL**         **60609-1305**
City                                     State        ZIP Code

_____          **staff.rja@gmail.com**
Contact phone                            Email address

_____          **IL**
Bar number                               State

Debtor    Flava Works, Inc. _____    Case number (if known) _____
          Name

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

30.1. _____    _____    _____    _____

Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

Relationship to debtor _____

_____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___**02/07/2025**___
          MM/ DD/ YYYY

X _____    Printed name ___**Phillip Bleicher**___
   Signature of individual signing on behalf of the debtor

Position or relationship to debtor ___**Owner**___

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)

IN RE: Flava Works, Inc.

CASE NO

CHAPTER 7

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date _____ 02/07/2025 _____    Signature _____

Phillip Bleicher, Owner

Debtor  **Flava Works, Inc.**                                          Case number *(if known)*
        Name

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

30.1.

Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

**Relationship to debtor**

_____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **02/07/2025**
                 MM/ DD/ YYYY

X _____     Printed name _____ **Phillip Bleicher** _____
Signature of individual signing on behalf of the debtor


Position or relationship to debtor _____ **Owner** _____


Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No

☐ Yes

## PRE-PETITION CHAPTER 7 RETAINER AGREEMENT FOR ATTORNEY'S FEES

| ATTORNEY'S FEES | |
|---|---|
| | $3500.00 |
| COURT FILING FEE | |
| | $388.00 |
| CREDIT COUNSELING & DEBTOR'S ED | |
| OTHER COST COSTS | |
| | $25.00 |
| TOTAL | $3863.00 |
| DEPOSIT | |
| | $420.00 |
| BALANCE AFTER THE CASE IS FILED | |
| | $3443 |

1.      By signing this Retainer Agreement, I agree to pay Pre-Filing Attorneys' Fees, Costs, and Court Filing Fee in full to ROBERT J. ADAMS & ASSOCIATES as indicated before the filing of my Chapter 7 proceeding.

2.      **I understand that my Chapter 7 case will be filed. I have reviewed the documents and approve the schedules to be filed. I affirm that I have not filed a prior Chapter 7 in the last 8 years.**

3.      This Chapter 7 Retainer Agreement - Pre-Filing Attorneys' Fees **does not include** any and all post-filing legal services such as amendments to schedules; representation at the First Meeting of Creditors; representation in adversary or contested proceedings; representation in any Redemption motions or Reaffirmation negotiations; rescheduled First Meeting of Creditors; nor any services required or desired after the filing of the petition.

4.      I further understand that post-filing attorneys' fees and costs incurred after filing the case will be subject to a separate Chapter 7 Retainer Agreement for Post-Filing Attorneys' Fees.

5.      I agree to cooperate with ROBERT J. ADAMS & ASSOCIATES completely and fully in making my papers ready to file. I authorize ROBERT J. ADAMS & ASSOCIATES to hire outside counsel, if necessary. I further authorize ROBERT J. ADAMS & ASSOCIATES to allow outside counsel to review my file to determine possible violations by creditors and/or its agents and assignees.

6.      **I understand that most correspondence will be sent out via email.**

Client's Name:

(X) _Flava Works, Inc._

Client's Name:

(X) _Phillip Bleicher   on behalf of Flava Works inc_

DATED: _Feb 7_   Signed For _2095_

_Christine Adams_
_____
ROBERT J. ADAMS & ASSOCIATES

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| In re: Flava Works, Inc | ) Judge Donald R. Cassling |
| Debtor(s) | ) |
| | ) Case No. 21-8585 |
| | ) |
| | ) Chapter 11 Subchapter V |

## DEBTOR FLAVA WORK'S INC., AMENDED PLAN OF REPRGANIZATION

The Debtor/Debtor-in-Possession, Flava Work's Inc. ("Debtor"), proposes the following

Plan of Reorganization ("Plan") in accordance with Sections 1189 and 1190 of the United States

Bankruptcy Code ("Bankruptcy Code")

### HISTORY OF THE BUSINESS

The Debtor filed its voluntary petition for relief under Chapter 11, of the Bankruptcy

Code on July 1, 2021 ("Petition Date"). The Debtor was allowed to redesignate to a Subchapter

V on September 1, 2021. The Debtor is a for Profit Corporation formed on April 16, 2015, under

the laws of the State of Illinois. The Debtor is the sole owner of a library which consist of the

ownership of several internet domain sites and web sites. The Debtor's business consists of

developing content for several adult entertainment internet web sites which includes subscription

to the web site, the producing and selling of videos, calendars and DVDs, and licensing content

to third parties. The Debtor required relief under the Bankruptcy Code in order to stem legal

proceedings by two if its creditors that sought to sell the major assets of the corporation.

Pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code, Matthew Brash has been

appointed Trustee to perform the duties required under the Bankruptcy Code.  Since the

inception of the Chapter 11 case, the Debtor has worked jointly with the Subchapter V Trustee

("Trustee") to prepare and propose a Plan which is consensual. Quarterly Payments in specific

1

amounts, as provided herein, to be distributed per capital first to Administrative Clams and

Secured Claims, and then to Priority Claims, per capita, and then to General Unsecured

Creditors, per capita. (It is estimated that the distribution to unsecured creditors will be made

over a five (5) year period in varying installment amounts totaling approximately 100%) The

Debtor is the proponent of the Plan.  The Plan provides for distribution to creditors with Allowed

Claims from funds realized from the continued operation of the Debtor's business by the Debtor.

## ARTICLE I
## DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless

the context otherwise requires:

1.1    Administrative Expense:  A cost or expense of administration of this Chapter 11

case, including any actual, necessary expense of preserving or liquidating the estate, or of

operating the business of the Debtor and all allowances approved by the Bankruptcy Court in

accordance with Section 503 of the Bankruptcy Code.

1.2    Allowed Claim:  A "Claim" (as defined below) (i) proof of which has been filed

with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable rules or

statutes, and with respect to which no objection has been timely filed by any party in interest, or

(ii) that has been, or hereafter is, listed by the Debtor as liquidated in amount and not disputed or

contingent, or (iii) that has been allowed by a "Final Order" (as defined below) by the

Bankruptcy Court, or (iv) that is allowed by the provisions of this Plan.

1.3    Allowed Interest:  An "Interest" (as defined below) (i) proof of which has been

filed with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable

rules or statutes; or (ii) that has been scheduled in the list of equity security holders prepared and

filed with the Bankruptcy Court; and (iii) in the event of either (i) or (ii), as to which no

objection to the allowance thereof has been filed within any applicable period of time fixed by an

order of the Bankruptcy Court, or as to which any such objection has been determined by a Final

Order of the Bankruptcy Court.

    1.4   Bankruptcy Code:  Title 11 of the United States Code, Section 101 et seq., as

amended.

    1.5   Bankruptcy Court:  The United States Bankruptcy Court for the Northern District of

Illinois, Eastern Division.

    1.6   Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure.

    1.7   Chapter 11:  Chapter 11 of the Bankruptcy Code.

    1.8   Claim:  The term "Claim" shall have the meaning set forth in Section 101(5) of the

Bankruptcy Code.

    1.9   Claim:  The term "Claim" shall have the meaning set forth in Section 101(5) of

Article II of the Plan.

    1.10   Confirmation:  The entry by the Bankruptcy Court of a Final Order confirming he

Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

    1.11   Debtor: Flava Works Inc., an Illinois corporation.

    1.12   Debtor's Estate:  All of the Debtor's "property of the estate" as defined in Section

541 of the Bankruptcy Code.

    1.13   Debtor-in-Possession: Flava Works Inc., an Illinois corporation.

    1.14   Effective Date:  Effective Date shall April 1, 2022.

    1.15   Final Order:  (i) an order or a judgment that has not been reversed, stayed

modified or amended, and as to which the time to appeal seek re-argument, reconsideration or

rehearing has expired and has been extended and as to which no appeal, petition for certiorari, re-

argument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an

appeal, re-argument, reconsideration, rehearing or certiorari has been sought, and as to which the

order or judgment has been affirmed or the request for re-argument, reconsideration, rehearing or

certiorari has been denied, and the time to take any further appeal, re-argument, reconsideration,

rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment

shall have become final and non-appealable in accordance with applicable law.

1.16     Insider: The term "Insider" shall have the meaning set forth in Section 101(31) of

the Bankruptcy Code.

1.17     Interest:  Any equity interest held by any shareholder of the Debtor.

1.18     Lien: The term "Lien" shall have the meaning set forth in Section 101(37) of the

Bankruptcy Code.

1.19     Month:  A calendar month, including the month in which a date or event occurs.

1.20     Plan:  This Plan of Reorganization including any Amendments or modifications

thereto.

1.21     Pro-capita:  With respect to any distribution on account of any claim or matter, in

the same amount of such claim or matter bears to the aggregate amount of all claims or matters

of its class.

1.22     Secured Claim: The portion of any Claim, determined in accordance with Section

506(a) of the Bankruptcy Code, as of the date of Confirmation, which is (a) secured by a valid,

perfected, and unavoidable Lien on property, arising by contract, operation of law, or otherwise

to the extent of the value of the creditor's interest in the Debtor's interest in such property or (b)

subject to offset.

1.23    Security Interest: The term "Security Interest" shall have the meaning set forth in Section 101(51) of the Bankruptcy Code.

1.24    Tax Claim: Any Claim of a governmental unit of the kind specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

1.25    Unsecured Claim: Any Claim that is not an Administrative Claim, Wage Claim, Priority Tax Claim, Assumed Lease Claim, or Secured Claim.

Unless otherwise defined, the words and phrases used herein shall have the meanings ascribed in the Bankruptcy Code and in the Bankruptcy Rules.

.

## ARTICLE II
## CLASSIFICATION AND TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

2.0     **Administrative Claims**

Administrative Claims are unclassified and primarily consist of Allowed Claims comprised of fees and expenses of the professionals employed pursuant to Orders entered by the Bankruptcy Court.  Currently the professionals consist of the firm of Robert J. Adams & Associates bankruptcy counsel for the Debtor, and Matthew Brash, the appointed Trustee.  Total fees for professionals to be paid under the Plan are estimated to be in the approximate amount of $30,000.00.

2.1 The Debtor shall pay the sum of approximately $30,000 toward administrative cost and attorney's fees on the date that the case is confirmed.

2.3     **Wage Claims**

Wages Claims are unclassified and unimpaired under the Plan and consist of Allowed Claims for wages entitled to priority under Section 507(a)(4) of the Bankruptcy Code.  All

Allowed Wage Claims, if any, will be paid in full, in cash, by the Effective Date of the Plan unless otherwise agreed by the holder of such Claim. The Debtor believes that there are no such Wage Claims.

2.4     **Tax Claims**

Tax Claims are those entitled to priority under Section 507(a)(8) of the Bankruptcy Code. The Tax Claims are unclassified and will be paid in full.

There are two (2) tax claims, as follows:

1.  The Internal Revenue Service who has not filed a claim. It is estimated that its claim is in the amount of $723,675.50 of which $300,000 is priority and $400,00 is a General Unsecured Claim.

6

2. The Illinois Department of Revenue has filed claim (#1) in the amount of $48,837.73 of
which $37,959.92 is Priority and $10,877.81 is a General Unsecured Claim.

### 2.4 (a)( Internal Revenue Service

1. The Internal Revenue Service has yet to file their claim. Phillip Bleicher is the sole
stockholder of Flava Works' Inc.. Mr. Bleicher is fully responsible for the debts to the
Internal Revenue Service, and he will pay the debt to the Internal Revenue Service
directly. Therefore, Phillip Bleicher is the sole disbursing agent. Accordingly, the Internal
Revenue Services is excluded from this plan. Prior to the filing of the Chapter 11 Phillip
Bleicher entered into a repayment plan with the Internal Revenue Service and he will
continue making the monthly payments in accordance with that agreement.

### 2.4 (b) Illinois Department of Revenue

The Priority and Unsecured claim of the Illinois Department of Revenue shall be paid
after the 2.0 Administrative Claims and 2.5 Secured Claims are paid in full. Payments will be
paid but no later than April 2025 with set payments of $5,000 per month.

### 2.5      Class 1:  Secured Claims

Marques Rondale Gunter and SalsaIndy LLC filed a proof of claim alleging a Secured
Claim in the amount of $118,000.00 at 0.62% interest. A4A Reseau, Inc., filed proof of claim
alleging a Secure Claim in the amount of $81,958.72 at 0% interest.) Class 1 is not impaired
under the Plan.

## I. ADEQUATE PROTECTION PAYMENTS

Prior to the Confirmation of Flava Works, Inc.'s Chapter 11 Plan, adequate protection payments

shall be made to each Secured Creditors in the following amounts

1.  For the months of December 2021, January 2022, and February 2022 each secured
    creditor will be $1,000.00 per month.

2.  For the months of March 2022, April 2022, and May 2022 each secured creditor will be
    $2,500 per month

3.  Commencing in June 2022 and each succeeding month, each secured creditor will be
    $4,000 per month.

## II PAYMENT SCHEDULE

1.  Upon Confirmation, Flava Works, Inc. shall be the disbursing agent for the following
    claims (other than for the claim of the Internal Revenue Service.)

2.  Philipp Bleicher, the sole stockholder, and officer of Flava Works, Inc. is liable for
    the entire debt of the Internal Revenue Service, as well as the Debtor herein. Phillip
    Bleicher will be the disbursing agent for the claim of the International Revenue
    Service. Accordingly, the Internal Revenue Service is excluded from payment under
    this Chapter 11 plan.

3.  **ADMINISTRATIVE CLAIMS as defined above:** Upon Confirmation all
    Administrative Claims will be paid in full.

   **2.5(A) SECURED CLAIMS:** There are two (2) filed Secured Claims. The claim of
A4A Reseau, Inc in the amount of $81,958.72. Marques Rondale Gunter and SalsaIndy LLC
filed a proof of claim alleging a Secured Claim in the amount of $118,000.00 at 0.62% interest.
Payments are as follows (after all Administrative Claims are paid in full.)

   2.5(b).  A4A Reseau, Inc in the amount of $81,958.72

   (1) Commencing the first month after confirmation $2,500 per month.

8

(2) Commencing in January 2023, $4,000 per month until the claim is paid in full.

2.5(c). Marques Rondale Gunter and SalsaIndy LLC in the amount of $118,000 plus interest of .062% per annum

(1) Commencing the first month after confirmation $2,500 per month.

(2) Commencing in January 2023, $4,000 per month until the claim is paid in full.

2.6     **Class 2: General Unsecured Claims**

There are two (2) unsecured claims consisting of the non-priority claims of the Internal Revenue Service (amount is yet to be determine) and the Illinois Department of Revenue the total of which is to be $10,877.81

1. Internal Revenue Service: Excluded from the Plan.

2. Illinois Department of Revenue: Dividend 100% to be paid in accordance 4.0 (a) above.

3. Any Other General Unsecured Claim: While none are known such will receive a dividend of 100%.

2.7     **Class 3:  Shareholder Interest**

The Debtor is a closely held corporation.   Phillip Bleicher is the sole shareholder of the Debtor and is the holder of the Allowed Class 3 Interests.  Under the Plan Phillip Bleicher will retain his stock interests in the Debtor.  Class 3 is not impaired under the Plan.

9

# ARTICLE III
## IMPLEMENTATION OF PLAN

3.1     Upon Confirmation, the Debtor shall be re-vested with its assets, subject only to the terms and conditions this Plan.  The Debtor shall be entitled to continue to operate and manage its business and financial affairs in the ordinary course without further Order of this Court, except as hereinafter set forth.

3.2     Upon Confirmation, an injunction under Section 524 of the Bankruptcy Code shall arise to prevent any party from foreclosing its Lien or Security Interest in any assets of the Debtor or otherwise enforcing Claims against the Debtor and its assets except in a manner provided for under the terms and conditions of this Plan.  This injunction shall remain in effect to prevent said actions until all distributions have been made in accordance with the terms and conditions of the Plan.

3.3     Management of the Debtor will remain unchanged after Confirmation of the Plan.

3.4     After Confirmation of the Plan, the Debtor will continue to operate its business in the ordinary course.  Payments to creditors pursuant to the Plan will be made from funds realized from continued business in 3.5   The Debtor will have the right to make any distribution to creditors earlier than required by the Plan, without penalty.

3.5   The Debtor, through its president, Phillip Bleicher, shall be the disbursing agent charged with making the payments required under the Plan.  The Debtor reserves the right to replace the disbursing agent, with such replacement to be within the sole discretion of the Debtor.

10

3.6    The Plan is self-executing. The Debtor shall not be required to execute any newly created documents to evidence the Claims, Liens, or terms of repayment to the holder of any Allowed Claim.  The terms of this Plan will exclusively govern payments to creditors and any other rights of creditors as against the Debtor and its property. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims, and any Liens and Security Interests that may support such Claims, shall be deemed released and discharged.

3.7    The Debtor shall have the right, power and authority after Confirmation to commence any preference, fraudulent conveyance or other litigation it deems appropriate.  The Bankruptcy Court shall retain jurisdiction for such litigation, including litigation commenced or to be commenced.

## ARTICLE IV
## BANKRUPTCY COURT'S RETENTION OF JURISDICTION

4.1    The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i)  consider applications for fees and allowances for professional persons; (ii) supervise the implementation of this Plan; (iii) consider objections to Claims against the Debtor and Debtor's Estate; (iv) consider applications for the assumption, assignment and/or rejection of executory contracts; (v) hear and conclude all adversary proceedings or contested matters; (vi) resolve disputes regarding interpretation of this Plan; (vii) allow Administrative Claims; (viii) enter Orders to further consummation of the Plan; (ix) approve modification of the Plan upon motions brought before the Bankruptcy Court in accordance with Section 1193 of the Bankruptcy Code; (x) consider all applications and matters pending before the Bankruptcy Court on the date of Confirmation; (xi) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtor,

11

and to impose such limitations, restrictions, terms and conditions of such title, rights and powers

as the Bankruptcy Court may deem necessary; (xii) enforce terms of the Plan; (xiii) hear and

conclude all matters brought by the Debtor under paragraph 4.7 of this Plan; and (xiv) enter an

Order concluding and terminating this Chapter 11 case.


### ARTICLE V
### INVALIDATION OF LIENS AND DISHCHARGE

5.1    The provisions of the confirmed Plan shall bind all creditors and other parties in

interest, whether or not such persons accept the Plan. The distributions provided under the Plan

shall be in exchange for and in complete satisfaction and release of all Liens, Security Interests

and Claims against the Debtor and any of the assets or properties of Debtor's Estate. Unless

otherwise specifically provided to the contrary herein or in the Confirmation Order, on and aft

Confirmation, all holders of Claims shall be precluded from asserting any Lien, Security Interest

or Claim against the Debtor.


### ARTICLE VI
### DEFAULT, CURE, NOTICE, AND ACCELERATION PROVISIONS

6.1    The Debtor shall be deemed in default under the terms of the Plan if, without prior

written consent of a particular holder of a Claim, it fails to comply with the payment plan

described herein with respect to that claimant.


6.2    Except as otherwise provided herein or pursuant to prior order of the Bankruptcy

Court, a claimant shall provide the Debtor and any guarantors with written notice of any default

under the Plan.  If the Debtor fails to cure any default within fourteen (14) calendar days

following receipt of written notice of such default, then the particular claimant shall be entitled to

pursue its remedies as are available to it pursuant to applicable law.

6.3    Except as otherwise provided herein, any notice to be given to the Debtor or other written matter to be delivered to the Debtor pursuant to the Plan shall be deemed received either upon personal delivery to the addresses listed below, or five (5) business days after placing such notice or written matter in the United States mail, postage prepaid, first class, properly addressed to the Debtor and its counsel at the addresses stated below:

**Flava Works Inc., 3526 S. Prairie Ave, Chicago, Il 60653**

**Attorneys of the Debtor, Robert J. Adams & Associates, 540 W. 35th Street, Chicago, Illinois 60616**

6.4    The Debtor reserves the right to accelerate any payments that are due under the Plan.  To the extent such payments are accelerated, the Debtor shall be excused from making payments in an amount equal to such accelerated payments.

## ARTICLE VII
## INTEREST AND PENALTIES

7.1    Except as otherwise provided herein, or required by the Bankruptcy Code, no interest or penalties accruing on or after the first quarterly payment of the plan, or on any Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE VIII
## CONFIRMATION OF PLAN UNDER
## SECTION 1191 OF THE BANKRUPTCY CODE

8.1    The Debtor will have the right to make any distribution to creditors earlier than required by the Plan without penalty.  The Debtor shall have the right, power, and authority after Confirmation of the Plan to commence any preference, fraudulent conveyance or other litigation

it deems appropriate. Any funds realized from such claims and retained causes of action may be used to make the payments under the Plan.  The Bankruptcy Court shall retain jurisdiction for such litigation.

8.2    The provisions of the Plan shall bind all creditors, Interest holders and parties in interest. Except as expressly provided in the Plan, no interest or penalties shall accrue or be paid to any creditor.

8.3    In the event that all applicable requirements of Section 1129(a) of the Bankruptcy Code, other than in subsection (8),(10), and (15) of that section are met, notwithstanding Section 510(a) of the Bankruptcy Code, the Debtor reserves the right, pursuant to Section 1191 of the Bankruptcy Code, to request that the Bankruptcy Court conduct a Confirmation hearing. Accordingly, if any class rejects the Plan, the Bankruptcy Court could still confirm the Plan under Section 1191 of the Bankruptcy Code if the Plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims or Interests that are impaired under, and has not accepted, the Plan.

## ARTICLE IX
## UNCLAIMED PROPERTY

9.1    In the event that any distribution made to a claimant by the Debtor under this Plan remains unclaimed ninety (90) days after such distribution was mailed, this distribution shall be deemed unclaimed, shall become property of the Debtor, and shall not be recouped by any Claimant in subsequent distributions. Once the distribution is recouped by the Debtor, the claimant shall forfeit any and all legal and equitable right to such distribution and the proceeds thereof.

9.2    If the distribution is mailed to the address listed in the claimant's proof of claim, or in the event that no proof of claim was filed, if mailed to the address listed for the claimant in the

bankruptcy schedules on file with the Bankruptcy Court, and is returned as undeliverable, the distribution shall be deemed unclaimed.  Notice of a claimant's change of address shall be sent to the Debtor by the claimant in accordance with paragraph 8.3 of this Plan.  In the event that any distribution is deemed unclaimed, the Debtor shall have no obligation to make further distributions under this Plan to such claimant and all further distributions shall be deemed waived.

<div align="center">

**ARTICLE X**
**RETENTION OF CAUSES OF ACTION**

</div>

10.1   The Debtor shall retain any and all claims and causes of action it has against third parties.  Such claims and causes of action shall survive and be unaffected by Confirmation of this Plan.  Any funds realized from such retained claims and causes of action shall be property of the Debtor and may be used to make the payments to the holders of Allowed Claims pursuant to the Plan.

<div align="center">

**ARTICLE XI**
**GENERAL PROVISIONS**

</div>

11.1   Rules of Construction.  Unless otherwise specified herein or the context clearly indicates otherwise, the rules of construction applicable to the Bankruptcy Code and the Bankruptcy Rules are applicable to this Plan.

11.2   Definitions.  A term used in the Plan that is not defined in the Plan but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

11.3   Amendment and Modification.  The Debtor may alter, amend or modify the Plan before or after Confirmation in accordance with the applicable provisions of the Bankruptcy Code.

11.4    Severability.  Should any provision of this Plan be determined to be

unenforceable, such determination shall not impair, limit, or otherwise affect the enforceability

of any other provision of this Plan.

11.5    Successors and Assigns.  The rights and obligations of any person or entity

referred to in this Plan shall be binding upon and shall inure to the benefit of the

successors and assigns of any such person or entity.

11.6    Headings.  The headings of the Articles, Paragraphs and Sections of this Plan are

inserted for convenience only and shall not affect the interpretation therein.

11.7    Effect of Appeals.  Unless the Confirmation Order is stayed pending appeal, the

Debtor may consummate this Plan notwithstanding the pendency of an appeal from the

Confirmation Order, or the timely service of the filing of a Motion under Bankruptcy Rules

7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024.

11.8    Debtor's Corporate Existence.  The Debtor's corporate existence shall survive and

be unaffected by Confirmation of this Plan.

11.9    Computation of Time.  Unless expressly provided otherwise in this Plan, in

computing any period of time prescribed or allowed by this Plan, the provisions of Rule 9006(a)

of the Bankruptcy Rules shall apply.

11.10    Insurance Preservation.  Nothing in the Plan, including any releases, shall

diminish or impair the enforceability of any policies of insurance that may cover any claims

against the Debtor or any other person.

1.11    Exculpation; Release. Notwithstanding anything herein to the contrary, except

with respect to the express duties provided herein, neither the Debtor nor any of its present or

former directors, officers, employees, advisors, attorneys, affiliates, subsidiaries or agents (in

their capacities as such) shall have or incur any liability to any holder of a Claim or Interest, or

any other party in interest, or any of their respective agents, employees, representatives, financial

advisors or attorneys, or any of their successors or assigns, for any act or omission in connection

with, relating to, or arising out of the Debtor-in-Possession, this Chapter 11 case, the pursuit of

Confirmation of the Plan, or the consummation of the Plan, except for acts that are fraudulent or

for their gross negligence or willful misconduct, and in all respects shall be entitled to reasonably

rely upon the advice of counsel with respect to their duties and responsibilities under the Plan or

in the context of this Chapter 11 case.

11.12    Terms Binding. On the Effective Date, all provisions of the Plan, including all

agreements, instruments and other documents filed in accordance with the Plan and executed by

the Debtor in connection with the Plan, shall be binding upon the Debtor, all creditors and

shareholders and all other entities that are affected in any manner by the Plan.  All agreements,

instruments and other documents filed in connection with this Plan shall have full force and

effect and shall bind all parties thereto as of Confirmation.

11.13    Inconsistencies. In the event that there is any inconsistency between the Plan and

any exhibit to the Plan or other instrument or document created or executed pursuant to the Plan,

the Plan shall govern.

11.14    Compliance with Applicable Law. It is intended that the provisions of the Plan

(Including the implementation thereof) shall be in compliance with all applicable laws

and any rules and regulations promulgated thereunder.  If the Debtor concludes that the Plan may

not comply with applicable law, then in such event the Debtor intends to amend the Plan in such

respects as it deems necessary to bring the Plan into compliance therewith.

17

rules and regulations promulgated thereunder. If the Debtor concludes that the Plan may

not comply with applicable law, then in such event the Debtor intends to amend the Plan in such

respects as it deems necessary to bring the Plan into compliance therewith.

## ARTICLE XII
## LIQUIDATION ANALYSIS

12.1    The Debtor's assets and their value as estimated by Debtor's owner as of July 1,

2021, are as follows:

According to the filed schedules the estimate of Debtor's management of the total liquidation value of the Debtor's assets as of July 1, 2021 is $206,413.31. Two (2) competitors and claimants have estimated the value of the Intellectual Property (sans the DVDs, other tangible personal property and checking account), as follows: Marques Ronadale Gunter and SalsaIndy LLC: $118,000; and A4A Reseau, Inc.: $150,000

The Debtor's approximate liabilities may be summarized as follows:

| Liabilities | Amount |
|---|---|
| Administrative Claims (estimated) | $ 30,000.00 |
| Priority Wage Claims | $ 0 |
| Priority Tax Claims | $310,877.81 (estimated) |
| Purported Secured Claims | $199,958.72 |
| Claims General Unsecured Claims (estimated) | $434,553.21(estimated) |
| **Approximate Total:** | **$975,389.74 (estimated)** |

12.2  In the event of a forced liquidation, any proceeds realized from the sale of the

Debtor's assets would first be used to pay the costs of sale, which for purposes of this discussion,

the Debtor has estimated to be an amount equal to ten percent (10%) of the gross sales proceeds.

Once the costs of sale have been paid, secured, administrative and priority Claims would be paid.

Only after making the above disbursements of sales proceeds could any distribution be made to

general unsecured creditors.  The following chart depicts the likely distributions of sale proceeds

realized from the forced liquidation of the Debtor's assets:

12.4    Since the Unsecured Claims equal approximately $0, the approximate 100% payment to

the holders of the Allowed Unsecured Claims under the Plan represents more than unsecured

creditors would ever receive in a liquidation if anything.  Furthermore, the existing trade debt to

be paid according to ordinary business terms would also be included in the pool of administrative

Claims, thereby substantially increasing the total dollar amount due Administrative Claimants in

a liquidation and further reducing the funds available for unsecured creditors.  Also, the

projected amount allowable for Administrative Claims, in the event of conversion, would further

increase to account for the fees and costs attributed to a Chapter 7 Trustee and his/her

administration.  Clearly, compared to a forced liquidation, unsecured creditors are getting more

under the Plan.

<div align="center">

**ARTICLE XIII**
**IMPLEMENTATION AND FEASIBILITY OF THE PLAN**

</div>

13.1    Distributions under the Plan shall be made from proceeds realized from the

continued operation of the Debtor's business by the Debtor.  The Debtor does not intend to

borrow funds but reserves the right to borrow funds in order to make the Plan payments.  The

Debtor expects to generate cash to pay Administrative, Wage and Tax Claims and Allowed

Claims in Classes 1 and 2 in full.

13.2    Attached to this Plan as Exhibit A is the CFP for the five (5) years following

Confirmation of the Plan.  The purpose of this Exhibit is to provide creditors with projected

financial information concerning the Debtor's ability to make the payments required under the

Plan.  This projection was prepared by Debtor's management which included the involvement of

the Trustee and is based upon an analysis of past business results and estimated future business

<div align="center">

19

</div>

activity.  The funding of the Plan is from cash reserves generated from regular business

operations.  No further investment or refinancing is required to fulfill the requirements of the

Plan. The Plan is feasible given the reasonable projections of future business activity by the

Debtor. These projections clearly reflect the Debtor's ability to perform under the proposed Plan.

Given the Debtor's successful efforts in this Chapter 11 case, it is reasonable to conclude that the

Debtor will be equally successful in making the payments required under the Plan.

## <u>RECOMMENDATION</u>

The Debtor strongly recommended that those persons entitled to vote, vote to accept this

Plan of Flava Work's Inc., Debtor/Debtor-in-Possession.

<div align="right">
Respectfully submitted

Flava Works, Inc

Debtor/Debtor in possession

<u>/s/Robert J. Adams</u>
One of its attorneys
</div>

**<u>/s/ Robert J. Adams Attorney No. 0013056</u>**

**Robert J. Adams & Associates**

**540 W. 35th Street, Chicago Illinois, 60616**

**312-346-0100**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 13, 2021, caused to be served a copy of the Chapter 11 Subchapter V Amended Plan of Reorganization

**Electronically via the Court's CM/ECF system on:**

• Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

• Bryan E Moore bemoore@bemesq.com, lynn@oflaherty-law.com

• Robert Radasevich rradasevich@nge.com, ewilson@nge.com, ecfdocket@nge.com

• Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov

- Illinois Department of Revenue rev.bankruptcy@illinois.gov
- Matthew Brash, mbrash@newpointadvisors.us, I003@ecfcbis.com
- George Desh on behalf of Creditor A4A Reseau, Inc. gdesh@mandellmenkes.com, docket@mandellmenkes.com , John D. Fitzpatrick
- jfitzpatrick@mandellmenkes.com
- Bruce Menkes on behalf of Creditor A4A Reseau, Inc. bmenkes@mandellmenkes.com

**Via first class mail, postage prepaid, as indicated on:**

Internal Revenue Service SB/SE P.O. Box 7346 Philadelphia, PA 19101-7346

Aldo U. Huitzil 53 W. Jackson Blvd Chicago, IL 60604-3606

933 W. Irving Park Corp 4444 W. Montrose Chicago, IL 60641-2083

/s/ Christine Adams

Attorney for Flava Works Inc

Robert J Adams & Associates

**Exhibit 5**