UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| Blatino Media, Inc., | ) | |
| Plaintiff, | ) | Case No. : 1:24-cv-09725 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| John Doe 1, et al | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SUR-RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE OR DISMISS

NOW COME the Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media, Inc. ("Plaintiffs"), by and through their undersigned counsel, and pursuant to leave of Court, submit this Sur-Reply in Opposition to Defendant's Motion to Transfer Venue or Dismiss (Dkt. 122). This Sur-Response is necessary to correct the record and address new factual assertions and legal arguments that Defendant improperly raised for the first time in his Reply (Dkt. 148).

Defendant's Reply references a supposed "Flava Works bankruptcy," an assertion that is both factually inaccurate and legally irrelevant. The entity referred to as "Flava Works, Inc." is not a party to this case. The actual Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc. are both active Illinois corporations in good standing. Neither has ever been a debtor in any bankruptcy proceeding. Defendant's newly raised and misleading statement serves only to confuse the record and misrepresent Plaintiffs' standing and financial viability, and it should be disregarded entirely.

Defendant also misrepresents the chain of ownership of the copyrighted works at issue. The evidentiary record conclusively establishes the lawful transfer and continuity of title. On July 13, 2022, Flava Works, Inc. executed a Copyright Transfer Agreement assigning to Phillip Bleicher all of its intellectual property, including all right, title, and interest in the copyrighted works, trademarks, customer databases, and digital content owned or controlled by the assignor. The Agreement granted Bleicher the full right to reproduce, distribute, publish, license, enforce, and otherwise exploit the assigned works and was duly notarized in Cook County, Illinois. It further provided that it may be recorded with the United States Copyright Office to provide constructive notice of the transfer under 17 U.S.C. § 205. A copy of this agreement is attached as Exhibit A.

The transferred works include, among others, the copyrighted materials registered with the United States Copyright Office under Registration Nos. PAU 4-192-666, PA 0002025857, and PA 0001687480. Each of these registrations appears in Addendum A to the 2022 Agreement and includes works that Defendant Gordon unlawfully accessed and reproduced. Following that transfer, Bleicher executed two subsequent notarized agreements that maintain the ownership chain. In August 2022, Bleicher entered into a Licensing and Content Publishing Agreement with Blatino Media, Inc., granting it exclusive rights to publish and distribute the works. In March 2024, Bleicher executed a Copyright Enforcement Services Agreement appointing FlavaWorks Entertainment, Inc. as his exclusive enforcement agent. Both agreements were notarized and recorded with the U.S. Copyright Office. Bleicher serves as President of both Plaintiff entities, ensuring continuous operational control.

Consequently, Bleicher is the lawful copyright owner, Blatino Media, Inc. is the exclusive publisher, and FlavaWorks Entertainment, Inc. is the authorized enforcement agent. The Plaintiffs therefore possess both independent and derivative standing to prosecute this action. Defendant's insinuations of ownership defects are demonstrably false, contradicted by notarized instruments, and irrelevant to the question of venue.

Defendant's Reply further introduces new accusations of "forum shopping" and novel claims concerning judicial economy, docket congestion, and an alleged lack of an Illinois nexus. None of these arguments appeared in his original Motion to Transfer (Dkt. 122), and because Plaintiffs had no prior opportunity to address them, these new matters are procedurally improper and should be disregarded. Even if considered, the arguments lack merit. Plaintiffs' forum choice is entitled to substantial deference, and Illinois courts have consistently upheld jurisdiction under identical circumstances involving the same website, the same Terms of Service, and the same forum-selection clause. See *Flava Works, Inc. v. Rossi*, No. 12-cv-1885, 2013 WL 1283829 (N.D. Ill. Mar. 29, 2013), where the Court held that the defendant waived his ability to challenge personal jurisdiction and venue by consenting to an enforceable forum-selection clause. Defendant's prior assent to Plaintiffs' Terms of Service which expressly require that any action to enforce the agreement be brought in the federal or state courts located in Chicago, Illinois, or Miami, Florida defeats any claim of forum shopping or inconvenience.

Defendant's Reply therefore introduces new and misleading assertions concerning a non-party's bankruptcy, challenges Plaintiffs' ownership despite a notarized and recorded copyright transfer, and expands his venue arguments well beyond the scope of his Motion. Plaintiffs submit this Sur-Response solely to correct the record and to ensure that the Court's consideration of the pending motion proceeds based on accurate and complete information.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court accept and consider this Sur-Response as part of the record, disregard the new and improper arguments raised for the first time in Defendant's Reply, and grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
/s/Hameed Odunewu
FlavaWorks Entertainment,
Inc. and Blatino Media, Inc.

By: s/ *Hameed Odunewu*
Hameed Odunewu (ARDC No. 6346462)
FlavaWorks Entertainment, Inc., Blatino Media, Inc.
2705 West Fulton St
Chicago, IL 60612-2003
(240) 918-2785 Telephone
Hameed@flavaworks.com