**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLAVA WORKS ENTERTAINMENT, *et. al.*, | |
| Plaintiffs, | No. 24-cv-09725 |
| v. | Judge Franklin U. Valderrama |
| JOEL LEWITZKY, *et. al.*, | |
| Defendants. | |

**ORDER**

**INTRODUCTION**

Before the Court is Defendant's Motion to Transfer under 28 U.S.C. § 1404. R.[1] 122. For the reasons stated below, the motion is denied.

**BACKGROUND**

Plaintiffs sued numerous defendants asserting federal claims for copyright infringement. Plaintiffs originally brought this action against various John Does, who were only identified by their username. On 3/17/2025, Plaintiffs moved to amend the complaint to replace the username "hubrys" with Defendant Gordon, stating that expedited third-party discovery had revealed "hubrys" was Defendant Gordon. R. 54. Defendant Gordon, a resident of Georgia moves to transfer venue under 28 U.S.C. § 1404, R. 122, to the Northern District of Georgia. Defendant argues that he suffers from various physical ailments, in addition to anxiety. Defendant maintains that transferring the case would serve the interests of justice as well as the convenience of the parties and witnesses. In support, he submits his own affidavit. Defendant alternatively argues that the Court lacks personal jurisdiction over him. Although Defendant's first argument relates to venue, the Court begins, as it must, with the question of personal jurisdiction before addressing venue.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

## I.   Personal Jurisdiction

Defendant argues that the Court lacks personal jurisdiction over him. Ordinarily, a motion contesting personal jurisdiction is brought pursuant to FED. R. CIV. P. 12(b)(2), and "[a] court that lacks personal jurisdiction over a defendant must dismiss the case as to that party." *Kapoor v. Nat'l Rifle Ass'n of Am.*, 343 F. Supp. 3d 745, 749 (N.D. Ill. 2018). While Defendant's motion is not entitled a Rule 12(b)(2) motion, "it is the substance of a motion that counts, not its label." *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 890 (7th Cir. 2020).

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over the defendant. A plaintiff need not allege facts concerning personal jurisdiction in the complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys*, *LLC*, 949 F.3d 385, 392 (7th Cir. 2020). When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392–93. "When affidavits regarding the issue of personal jurisdiction are submitted, the district court may weigh the affidavits." *Id.* at 393. The Seventh Circuit has explained that in "evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.*

Where, as here, a defendant submits an affidavit regarding personal jurisdiction, the court accepts as true any facts in the affidavit that do not conflict with the complaint or the plaintiff's submissions. *Id.* The Court must weigh Defendant's affidavit challenging personal jurisdiction with both the Plaintiffs' evidence *and* the Plaintiffs' allegations in the complaint, and the Court must resolve all factual disputes on the record in favor of Plaintiffs. *Id* at 393. District courts have interpreted this to mean that "[w]ell-pled allegations in the plaintiffs' complaint are part of the record and may be weighed against declarations submitted by the defendant." *Deyerler v. HireVue, Inc.*, 2024 WL 6994823, at *4 (N.D. Ill. June 18, 2024). "However, 'in evaluating whether the prima facie standard has been satisfied, the district court is not acting as a factfinder.'" *Id.* at *4 (citation omitted).

Here, Plaintiffs' complaint alleges generally that all Defendants consented to personal jurisdiction when logging into Plaintiffs' website through the Terms and Conditions. R. 83, Fourth Amended Compl. ¶ 9. The Terms and Conditions state that "You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida." Resp., Exh. B. Neither party disputes that this language constitutes a forum selection clause, and Plaintiffs do not dispute that Defendant Gordon would not otherwise be subject to personal jurisdiction in this district if it were not for this clause. But Defendant's affidavit

states that he "never agreed to be bound by any Terms and Conditions alleged by the Plaintiffs." R. 122, Aff. ¶ 6. That is, Defendant's affidavit conflicts with the complaint. The Court, however, must take the Plaintiffs' asserted facts as true and resolve any factual disputes in their favor. *Curry*, 949 F.3d at 393.

Plaintiffs also respond with additional evidence that a username "hubrys" logged into Plaintiffs' website, and assert that "hubrys" is Defendant, and that he agreed to the terms and conditions when logging in. R. 146, Resp., Exhibit A. Defendant does not assert in any affidavit that he is not "hubrys," but merely points out that Plaintiffs have not *proven* he is "hubrys." R.148, Reply at 5–7. Given the legal standard for assessing personal jurisdiction at this stage, the Court is not convinced Plaintiff needs to *prove* Defendant is "hubrys." Rather, Plaintiffs need to make out a prima facie case of personal jurisdiction.

Defendant argues for the first time in his reply that the Terms and Conditions list an entity other than the Plaintiffs as the "contracting" party, and that Plaintiffs have not sufficiently alleged any "contract" at all (*i.e.* an offer, acceptance, and consideration). Reply at 3–5. Plaintiffs, in their sur-response, attach evidence showing that they have been lawfully assigned all rights in the copyright at issue by the listed party in the Terms and Conditions, including the right to enforce the copyright. Sur-response at 2. With respect to the question of Defendant's personal jurisdiction, Plaintiffs reiterate that they have alleged that Defendant Gordon logged on to the website, which required he assent to the Terms and Conditions, and therefore he assented to personal jurisdiction in the Northern District of Illinois. Indeed, Defendant does not dispute that the Terms and Conditions, if agreed to, constitutes consent to personal jurisdiction for cases related to the instant matter, and he does not cite to any case law that states that a defendant must be in direct privity with the plaintiff at the time he assents to personal jurisdiction over the instant matter. Regardless, Plaintiffs have provided evidence that they have received the right to enforce the instant matter from the previous party. *See* Sur-response.

Finally, Defendant points to a typo in the Terms and Conditions as a means for not enforcing it. But Plaintiffs cite to *Flava Works, Inc. v. Rossi*, 2013 WL 1337326 (N.D. Ill. Mar. 29, 2013), where the court upheld an identical forum selection clause.[2] Defendant's only basis for distinguishing *Rossi* is that the issue of privity between the defendant and plaintiffs was not contested in *Rossi*, and the defendant in *Rossi* was a paid subscriber. Reply at 6. But Plaintiffs' position is that both paid and unpaid subscribers were required to assent to the Terms and Conditions to log on to the website. And again, in *Rossi*, it was not clear that privity was relevant to the analysis. Rather, the court examined whether "(1) whether the clause in the agreement is, in fact, a forum-selection clause; and, if so (2) whether the clause is enforceable." *Rossi*,

---

[2]The Court notes that Plaintiffs included an erroneous Westlaw cite to this case and advises more care moving forward.

3

2013 WL 1337326, at *2. Other than those arguments already addressed, Defendant does not dispute that the clause is an enforceable forum selection clause.

Given the standard at this stage in the case, which requires the Court resolve all factual disputes in favor of Plaintiffs based on the complaint and evidence (a standard which neither party addresses), the Court finds Plaintiffs have made out a prima facie case of personal jurisdiction through their allegations and evidence. Thus, the motion to dismiss based on lack of personal jurisdiction is denied. For now, Defendant Gordon has preserved his objection to personal jurisdiction and may continue to preserve it in his responsive pleading. "[T]he denial of a preliminary challenge to personal jurisdiction, like the denial of a preliminary injunction, is not an automatic bar to the renewal of the motion after evidence bearing on it has been obtained by pretrial discovery or presented at trial." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914–15 (7th Cir. 1994). Defendant Gordon may renew his challenge at a later stage.

## II.    Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C § 1404 (a). In evaluating the convenience of the parties and witnesses, courts weigh the following factors" (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Allied Van Lines, Inc., v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2007).  In considering the interests of justice, courts weigh: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Id*. The movant bears the burden of establishing that the transferee venue is more convenient. *Id*.

Here, Defendant fails to carry his burden. Nowhere in his motion does Defendant address the factors that the Court must consider. Defendant's entire motion to transfer is predicated on his assertion that the case should be transferred to the Northern District of Georgia because that is where he lives and traveling to the Northern District would be burdensome. But Defendant is required to engage in other factors and fails to do so. In other words, the argument is underdeveloped. The Court will not do the work for Defendant. Therefore, the motion to transfer is denied.

## CONCLUSION

For the reasons stated, the Court denies Defendant's motion to transfer venue, or in the alternative, to dismiss for lack of personal jurisdiction.

Date: July 15, 2026

United States District Judge
Franklin U. Valderrama