**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FLAVAWORKS ENTERTAINMENT, INC., BLATINO MEDIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOEL LEWITZKY, et al., including MICHAEL SHANE GORDON,<br><br>Defendants. | Case No. 1:24-cv-09725<br><br>Hon. Franklin U. Valderrama<br><br>Mag. Judge Jeannice W. Appenteng<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL SHANE GORDON'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc. ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Response in Opposition to Defendant Michael Shane Gordon's Motion to Dismiss the Fourth Amended Complaint ("Motion") [Dkt. 191]. For the reasons set forth below, the Motion should be denied.

Defendant's Motion is largely a repackaging of the personal-jurisdiction and venue arguments this Court already rejected on July 15, 2026 [Dkt. 182], now paired with a standing theory that misreads both the Fourth Amended Complaint (the "Complaint") and the record. At the pleading stage, the Complaint need only state a plausible claim, and on the jurisdictional question Plaintiffs need only make a prima facie showing with all factual disputes resolved in their favor. Plaintiffs satisfy both standards. To the extent the Motion raises any genuine question about the proper party to enforce the copyrights, the remedy is not dismissal: Rule 17(a)(3) forbids it until the real party in interest has been given a reasonable opportunity to ratify, join, or be substituted.

**LEGAL STANDARD**

On a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint survives if it

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not a probability requirement, and a well-pleaded complaint may proceed even where actual proof of the facts is improbable. *Twombly*, 550 U.S. at 556.

On a Rule 12(b)(2) motion decided on the written submissions without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction; the Court resolves all factual disputes in the record in the plaintiff's favor, and the well-pleaded allegations of the complaint are taken as true except to the extent contradicted by uncontested evidence. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). That is the same standard the Court applied in its July 15, 2026 Order. [Dkt. 182 at 2–3.]

**ARGUMENT**

**I. The Fourth Amended Complaint States Plausible Claims for Copyright Infringement.**

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Fourth Amended Complaint alleges both. It alleges that Plaintiffs hold rights in registered copyrighted works [Dkt. 83 ¶¶ 12–15]; that Defendants are members of GayTor.rent, a private, invite-only peer-to-peer network dedicated to distributing pirated adult content [*id.* ¶¶ 7, 16]; and that Defendants downloaded and participated in torrent swarms containing Plaintiffs' copyrighted videos without permission or license [*id.* ¶¶ 16–20]. Taken as true, those allegations plausibly establish infringement of Plaintiffs' exclusive rights of reproduction and distribution under 17 U.S.C. § 106.

Defendant's contention that the Complaint fails to identify what copyright was infringed and when overstates what Rule 8 requires. A copyright plaintiff need not plead each registration number or each infringing act with particularity; notice pleading suffices. In any event, the record removes any doubt. The registered works at issue as to this Defendant, identified by title

and registration number, are set out below and include the three registrations already referenced in the parties' prior briefing (PAU 4-192-666, PA 0002025857, and PA 0001687480):

| Copyrighted Work | U.S. Copyright Reg. No. |
|---|---|
| Ultimate: Arvion Kylers | PAU 4-192-666 |
| Feed & Breed #4: Flood My Hole | PA 0002025857 |
| Mixxxed Nuts #2: Taste the Crunch | PA 0001687480 |
| Cody Kyler's Pinga Paradise #1 | PA 0001668281 |
| Santo Domingo Uncut #3: Dominican Dick Destruction | PA 0001691631 |
| Raw & Nasty #2: Milk These Walls | PA 0001737156 |
| Miami Uncut #2: Hot as Hell | PA 0001764940 |
| Dominant Raw Tops #1 | PA 0001748151 |
| Santo Domingo Uncut #2 | PA 0001788830 |
| Mixxxed Nuts #4: Nuts by the Pound | PA 0001748148 |
| Miami Uncut #4: Sizzle | PA 0001863010 |
| Brazilian Cum Dumps #1 | PA 0002540588 |

Because the Complaint gives Defendant fair notice of the claims and the grounds on which they rest, dismissal under Rule 12(b)(6) is unwarranted, and the disfavored remedy of a more definite statement under Rule 12(e) is unnecessary. *See Twombly*, 550 U.S. at 555. A Rule 12(e) motion is properly granted only where a pleading is so vague that a party cannot reasonably prepare a response — not, as here, where a defendant simply seeks evidentiary detail obtainable in discovery.

## II. Plaintiffs Are Proper Parties With Standing to Enforce the Copyrights.

Defendant argues that Plaintiffs lack standing under 17 U.S.C. § 501(b) and Rule 17(a) because, in his telling, only non-party Phillip Bleicher (or some predecessor "Flava Works, Inc." entity) may sue. The argument fails on the pleadings for three independent reasons.

### A. The record establishes an unbroken chain of enforceable rights in Plaintiffs.

Section 501(b) permits the legal or beneficial owner of an exclusive right under a copyright to sue for infringement of that right. The holder of an exclusive license is such an owner and may sue; only a bare non-exclusive licensee may not. *HyperQuest, Inc. v. N'Site*

*Solutions, Inc.*, 632 F.3d 377, 382–83 (7th Cir. 2011). Here, the record — including the notarized instruments Plaintiffs placed before the Court in their Sur-Response [Dkt. 154] — establishes that on July 13, 2022, Flava Works, Inc. assigned all right, title, and interest in the copyrighted works to Bleicher; that in August 2022 Bleicher granted Blatino Media, Inc. an exclusive license to publish and distribute those works; and that in March 2024 Bleicher appointed FlavaWorks Entertainment, Inc. as his exclusive enforcement agent. Bleicher is President of both Plaintiff entities.

Defendant's reliance on *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2d Cir. 1982), and *Photofile, Inc. v. Graphicomp Sys.*, 1993 WL 375769 (N.D. Ill. Sept. 22, 1993), is misplaced. Those cases hold only that a copyright owner cannot confer standing on a bare agent who holds no exclusive right of its own. They do not bar suit by an exclusive licensee. Blatino Media holds an exclusive license to publish and distribute the works — precisely the interest that confers standing under *HyperQuest*. And where a party holds an exclusive right coupled with authority to enforce it, standing exists even if that party also functions as an enforcement agent. *Cf. Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1004–05 (9th Cir. 2015) (agent holding an exclusive licensing interest had standing to sue notwithstanding its enforcement role).

**B. Defendant's "non-exclusive" theory rests on a misreading of the Complaint that cannot be resolved on a motion to dismiss.**

Defendant contends that paragraph 13's reference to distribution through "various distributors and licensees" proves that no license is exclusive. It proves no such thing. Paragraph 13 is a general description of Plaintiffs' business; it is not an admission about the specific licensing structure of the works in suit, which the notarized agreements establish are exclusively licensed to Blatino Media. At most, Defendant identifies a factual dispute about the scope of the license — and on a Rule 12(b)(6) motion, that cannot be resolved against Plaintiffs on the present pleadings.

**C. Defendant's "timing" argument depends on facts outside the pleadings and, at most, raises fact questions.**

Defendant's "chose in action" argument — that pre-July 2022 infringement claims remained with a predecessor entity — assumes facts the Complaint does not plead and that Defendant cannot establish on a motion to dismiss. The Complaint alleges ongoing infringement: Defendants "are" active members of GayTor.rent who continue to distribute Plaintiffs' works [Dkt. 83 ¶¶ 7, 16–17]. Infringement occurring after the July 13, 2022 transfer falls squarely within the rights owned by Bleicher and exclusively licensed to and enforced by Plaintiffs. To the extent Defendant contends that some acts predate the transfer, that is a merits question requiring a developed record; it is not a basis to dismiss a facially sufficient complaint. Indeed, Defendant asks the Court to speculate about infringement dates — which is precisely why dismissal is improper, not required.

**D. Even if any standing defect existed, Rule 17(a)(3) forbids dismissal.**

Even if the Court were to conclude that Bleicher, rather than Plaintiffs, is the real party in interest as to some subset of the claims, dismissal would still be improper. Rule 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). That safeguard exists precisely to prevent the forfeiture Defendant seeks. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 760 (7th Cir. 2008) (ratification is "a legitimate way to cure an initial failure to prosecute an action in the name of the real party in interest"). Bleicher — President of both Plaintiff entities — is available and, should the Court deem it necessary, stands ready to ratify this action or to join or be substituted as a party. Dismissal on real-party-in-interest grounds would therefore be premature as a matter of law.

## III. The Court Has Already Held It Possesses Personal Jurisdiction, and Defendant Offers Nothing New.

Defendant expressly styles his personal-jurisdiction argument as a renewal of the one this Court rejected on July 15, 2026. [Dkt. 191 at 8; Dkt. 182.] It fails for the same reasons it failed then. Applying the prima facie standard and resolving all factual disputes in Plaintiffs' favor, the Court held that Plaintiffs made out a prima facie case of personal jurisdiction through the forum-selection clause in the Terms and Conditions, to which Defendant — alleged to be the user "hubrys" — assented upon logging in. [Dkt. 182 at 2–4.] The Court permitted Defendant to preserve his objection and to renew his challenge at a later stage after evidence bearing on it has been obtained through pretrial discovery. [*Id.* at 4.] It did not invite him to relitigate the same record on a motion to dismiss.

Nothing has changed. Defendant submits no new evidence; he re-argues the same forum-selection clause and non-party-contract theory already presented in his transfer briefing and addressed by the Court, and his new browsewrap and *ProCD* citations merely repackage the paid-versus-free-membership distinction the Court has already considered: Plaintiffs' position, which controls at this stage, is that both paid and unpaid subscribers were required to assent to the Terms and Conditions to log on to the website. [Dkt. 182 at 3.] This Court has already observed that *Flava Works, Inc. v. Rossi*, 2013 WL 1337326 (N.D. Ill. Mar. 29, 2013), upheld an identical forum-selection clause, and that apart from arguments the Court rejected, Defendant does not dispute that the clause is an enforceable forum-selection clause. [Dkt. 182 at 3–4.] Defendant's affidavit denying assent conflicts with the Complaint, and at this stage that conflict is resolved in Plaintiffs' favor. [*Id.* at 3.] Because Plaintiffs have again made out a prima facie case, the renewed challenge should again be denied, with Defendant's objection preserved for a later evidentiary stage.

## IV. Plaintiffs Withdraw Any Lanham Act Claim as to This Defendant.

Defendant devotes argument to the single passing reference to the Lanham Act in paragraph 1 of the Complaint. To streamline the issues, Plaintiffs withdraw, as to Defendant Gordon, any claim arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Plaintiffs' claims against Defendant proceed under the Copyright Act, 17 U.S.C. § 101 *et seq.* Defendant's arguments under Rule 8(a)(2), Rule 12(b)(1), Rule 12(b)(6), and Local Rule 3.4 directed to the Lanham Act are therefore moot.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Michael Shane Gordon's Motion to Dismiss the Fourth Amended Complaint in its entirety, and grant such further relief as the Court deems just and proper. In the alternative, should the Court identify any defect in party designation, Plaintiffs respectfully request leave under Rule 17(a)(3) and Rule 15 to cure it by ratification, joinder, or substitution before any dismissal.

Dated: August 27, 2026

Respectfully submitted,

FLAVAWORKS ENTERTAINMENT, INC.
and
BLATINO MEDIA, INC.

By: /s/ Corinthia Hicks

Corinthia Hicks (IL # 6352965)
Counsel for Plaintiffs
2705 W. Fulton St., Chicago, IL 60612
305.438.9450
corinthia@flavaworks.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, I electronically filed the foregoing Plaintiffs' Response in Opposition to Defendant Michael Shane Gordon's Motion to Dismiss the Fourth Amended Complaint with the Clerk of the Court using the CM/ECF system, which will serve notice of such filing on all counsel of record, including counsel for Defendant Michael Shane Gordon. I further certify that on the same date I caused a copy of the foregoing to be served by U.S. Mail on the following pro se Defendant:

Rodney Block
2796 Lily Court
Antioch, CA 94531

No service of this filing is required on the remaining Defendants, none of whom has appeared in this action. *See* Fed. R. Civ. P. 5(a)(2).

/s/ Corinthia Hicks
Corinthia Hicks