**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

FLAVAWORKS ENTERTAINMENT, INC.,
BLATINO MEDIA, INC.,

Plaintiffs,

vs.

**CASE NO: 1-24-cv-09725**
Honorable Franklin U. Valderrama
Magistrate: Honorable Appenteng

JOHN DOES, et al., including
CHRISTOPHER LARINO and
MICHAEL SHANE GORDON, et al,

Defendants.
_____________________________/

**DEFENDANT GORDON's REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT.**

Now comes the Defendant, Mr. Michael Shane Gordon, by and through his attorney, and makes this reply in support of his Motion to Dismiss pursuant to FRCP 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6) and 17(a). For his reply, the Defendant states:

While Plaintiffs' Response Brief acknowledged that Plaintiffs did not properly file a cause of action based upon the Lanham Act (see the last paragraph in Plaintiffs' Response), each Plaintiff has failed to rebut the Defendant's subject matter and personal jurisdiction arguments.

The court should dismiss the Fourth Amended Complaint for the following reasons:

1. **Because these Plaintiffs lack standing, the court lacks subject matter jurisdiction.**
2. **Even if the plaintiffs have standing, they failed to show that this court can exercise personal jurisdiction over this defendant.**

**The plaintiffs failed to establish subject matter and personal jurisdiction.**

At this stage, each plaintiff must plead and prove subject matter jurisdiction, as well as

personal jurisdiction over the defendant.

Plaintiffs repeatedly conflate their distinct, ongoing burdens to establish both subject matter and personal jurisdiction. Under Rule 12(b)(1), each Plaintiff bears the burden to prove by a preponderance of the evidence that the Court has subject-matter jurisdiction over their claims against Defendant Gordon. Under Rule 12(b)(2), plaintiffs relying on a forum selection clause—instead of minimum contacts— requires each plaintiff to prove that an enforceable clause exists between *each Plaintiff and Defendant*.

Because this is a court of limited jurisdiction, this Court assumes no jurisdiction exists unless the plaintiffs make an adequate showing. See, *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F. 3d 1156, 1160 (10th Cir. 1999). "[T]he district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter. If standing is challenged as a factual matter, the plaintiff must come forward with competent proof—that is a showing by a preponderance of the evidence—that standing exists. The burden of establishing the required elements of standing falls on the party invoking federal jurisdiction." See, *Fleury v. Union Pac. R.R. Co.*, 729 F. Supp. 3d 854, 858-59 (N.D. Ill. 2024), internal citations omitted.

In short, Plaintiffs must allege "'the facts essential to show jurisdiction' and support those facts with competent proof. Mere conclusory allegations of jurisdiction are not enough." See, *Hafter D.O.*, 190 F. 3d at 1160; internal citations omitted. Each Plaintiff must show that this Court has subject matter jurisdiction over their respective claim against Defendant Gordon.

When deciding personal jurisdiction based on a forum selection clause, the court must first check if the clause is valid and effective to see if the party agreed to it. See, *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 442 (M.D. Pa. 1991). Each plaintiff must make a *prima*

*facie* showing that a valid, binding agreement containing the forum selection clause exists between that plaintiff and Defendant Gordon. Under Illinois law, a defendant's assent to a website's terms and conditions is governed by the state's contract principles. See, for example, *Hamera v. Best Buy Co. Inc.*, 790 F. Supp. 3d 664, 667 (N.D. Ill. 2025) providing a summary of Illinois law regarding the enforceability of a website's terms and conditions agreement. The plaintiffs failed to establish even a prima facie case that Defendant Gordon assented to a legally binding website agreement under Illinois law. Consequently, this court lacks personal jurisdiction over the Defendant.

**1. <u>This lawsuit against Defendant Gordon must be dismissed because Plaintiffs lack standing, and joining Mr. Bleicher will not cure the deficiency.</u>**

Under 17 U.S.C. § 106, copyright owners hold only **six exclusive rights**. The right to enforce violations on behalf of third parties is **not one of them**. "We do not believe the Copyright Act permits holders of rights under copyrights to choose third parties to bring suits on their behalf. While F.R.Civ.P. 17(a) ordinarily permits the real party in interest to ratify a suit brought by another party, … the Copyright Law is quite specific in stating that only the 'owner of an exclusive right under the copyright may bring suit.'" See, *Photofile, Inc. v. Graphicomp Sys.*, 92 C 8414, 1993 WL 375769, at *3 (N.D. Ill. Sept. 22, 1993) quoting *Eden Toys, Inc. v. Florelee Undergarment Co.*, Inc., 697 F.2d 27, 32 (2d Cir. 1982). Standing to sue for infringement is strictly limited to the specific exclusive right held by the legal or beneficial owner. No party may bring an action for the infringement of rights held by third parties or rights not explicitly owned by them.

Plaintiffs have not, and cannot, allege that Plaintiff FlavaWorks Entertainment, Inc. is the legal or beneficial owner of an exclusive right established by 17 U.S.C. §106. Plaintiffs admit that Plaintiff FlavaWorks Entertainment, Inc. is merely Mr. Bleicher's "exclusive enforcement agent." [See, Plaintiffs' "Sur-Response to Defendant Gordon's Motion to Transfer Venue," Page 2.]

"[F]lavaWorks Entertainment, Inc. is the authorized enforcement agent." See, Id. at Page 3.

Plaintiffs fail to state a claim regarding FlavaWorks Entertainment, Inc., as it is not a real party in interest. Plaintiff FlavaWorks Entertainment, Inc. is not the owner of the copyrighted works. Plaintiff FlavaWorks Entertainment, Inc. is not the owner of an exclusive right to publish and distribute the copyrighted works. Plaintiff FlavaWorks Entertainment, Inc. does not belong as a party to this suit. **FlavaWorks Entertainment, Inc. should be dismissed from this action for lack of standing.**

Plaintiffs have argued that Mr. Bleicher is the owner of the copyrighted works and that only Blatino Media, Inc. was granted an exclusive license to publish and distribute the copyrighted works.

**A. <u>Plaintiff Blatino Media, Inc. likewise lacks standing to bring this lawsuit.</u>**

Plaintiff Blatino Media, Inc. has not satisfied by a preponderance of the evidence that it has standing to bring this lawsuit against Defendant Gordon in any court. Plaintiff Blatino Media, Inc.'s Complaint, Response to this motion to dismiss, and the "Sur-Response" filed in the Motion to Transfer Venue, are **riddled with contradictions and legal conclusions** rather than well-pled facts. Crucially, Plaintiff Blatino Media, Inc. **fails to allege specific facts** demonstrating that it owned was exclusively licensed the copyrighted works **<u>when</u>** the alleged infringement occurred. Consequently, Plaintiff Blatino Media, Inc. lacks an injury-in-fact and **fails to establish Article III standing** under the case-or-controversy doctrine.

Defendant's objection to subject-matter jurisdiction is not confined solely to Plaintiffs' lack of standing under 17 U.S.C. § 501(b) and Rule 17(a). "The requirements of Rule 17 should not be confused with the jurisdictional doctrine of standing. As part of Article III's case-or-controversy requirement, a party must demonstrate standing to sue in federal court by establishing (1) an injury

in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." See, *Rawoof v. Texor Petroleum Co.*, 521 F. 3d 750, 756 (7th Cir. 2008), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The doctrine of standing encompasses both constitutional and prudential limitations. "One well-established prudential-standing limitation is the principle that a litigant cannot sue in federal court to enforce the rights of third parties." See, Id. at 757, citing *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 17-18 (2004).

"'Rule 8 requires that the particular infringing acts be set out with some specificity.'" See, *Energy Intelligence Group, Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015). A complaint properly complies with the requirements of Rule 8 if it supports the following elements: (1) which specific original works form the subject of the copyright claim; (2) **that the plaintiff own[ed] the copyrights [or an exclusive license] in those works [at the time of infringement]**; (3) that the copyrights have been registered in accordance with the statute; and (4) **by what acts and during what time the defendant infringed the copyright**." See, *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp. 2d 260, 266 (E.D. N.Y. 2004), emphasis added.

The plaintiffs did not meet the pleading standards required by FRCP Rule 8 and established case law. The timing of the alleged infringement is inextricably linked to copyright ownership. By failing to allege when the infringing acts occurred, Blatino Media, Inc. cannot, ***ipso facto***, establish that they owned or were exclusively licensed the copyrights **at the time of infringement**.

Plaintiffs now wrongly insist that the "Complaint alleges ongoing infringement" to avoid the requirements of FRCP Rule 8, *Home & Nature Inc. v. Sherman Specialty Co., Inc.* and established case law. [See, Plaintiffs' Response to Defendant's Motion to Dismiss, p. 5.]

However, Plaintiffs' Complaint says no such thing; Plaintiffs refer to specific, identifiable

*instances* of infringing acts. "Plaintiffs have identified several instances in which Defendants downloaded or participated in torrent swarms containing copyrighted FlavaWorks videos, without permission or license." [See, ¶ 17 of Plaintiffs' Fourth Amended Complaint.] Torrent swarms are inherently ephemeral, meaning they lack the permanence required to establish an ongoing act of infringement. Blatino Media, Inc. has not met the standards of Rule 8.

Plaintiffs, not Defendant, rely on pure speculation by failing to provide the specific dates and times of the alleged instances. Instead of offering concrete proof, Plaintiffs improperly ask this Court to assume these acts coincided within their ownership or exclusive licensing interest in the works. **Blatino Media, Inc. should be dismissed from this action for lack of standing.**

**B. Plaintiffs' lack of standing cannot be cured by substituting or joining Mr. Bleicher**

First, substituting or joining Mr. Bleicher may cure one defect only to create another: the Court might **gain subject matter jurisdiction but then lose personal jurisdiction**. Mr. Bleicher is a stranger to the underlying Terms and Conditions. His status as President of the Plaintiff entities is irrelevant; corporations are legally distinct persons, and his executive role conveys no personal rights under their contracts. If Mr. Bleicher wishes to sue individually as the copyright owner, Illinois' long-arm statute requires him to independently establish personal jurisdiction over Defendant Gordon. He cannot meet this burden.

Second, this Court should deny the substitution or joinder of Mr. Bleicher because his failure to timely sue in his own name was not an honest mistake. Instead, Mr. Bleicher intentionally had suit filed under the wrong entities in bad faith to gain tactical advantage—either in settlement negotiations or avoid judgment creditors. The court "should only decline to allow substitution under [Rule 17] when a party seeks to use it in bad faith or to gain a tactical advantage." See, *Ricalday v. Rockelmann*, No. 08 C 50021, 2009 U.S. Dist. LEXIS 155232, at *5 (N.D. Ill. Apr.

22, 2009) referring to the advisory committee's notes to FRCP Rule 17.

Mr. Bleicher is the President of all relevant corporations alleged to have held an interest in the copyrighted works, including Flava Works, Inc., FlavaWorks Entertainment, Inc., and Blatino Media, Inc. As President of all the relevant corporations, Mr. Bleicher has access to all copyright registration documents, copyright assignment documents, any exclusive license agreements, or other corporate records. Mr. Bleicher maintains exclusive control over this litigation as the assignee of all relevant copyrights. Given his extensive experience as a sophisticated, serial infringement litigator, his claim of ignorance regarding his interest in these causes of action is entirely implausible.

Mr. Bleicher's practice focuses on securing settlements from defendants who face significant personal and professional risks if their adult media habits are disclosed. A caption styled "Phillip Bleicher v. John Doe" is much less likely to cause the same embarrassment as the caption "FlavaWorks Entertainment, Inc. and Blatino Media, Inc. v. John Doe." Mr. Bleicher initiated litigation using the identities of adult film studios as a calculated tactic to compel settlement agreements.

Allowing the substitution of Mr. Bleicher would severely prejudice Defendant Gordon. This litigation has been pending for a significant period. During this time, Defendant Gordon has expended substantial time and money defending against wrongly named plaintiffs, including conducting extensive pre-discovery investigation of several court dockets with extensive case histories, as well as consulting with multiple attorneys.

2. **The Plaintiffs' action against Defendant Gordon in this Court is barred because neither Plaintiff has the right to enforce the forum selection clause.**

The mere existence of a forum selection clause in an unrelated contract does not establish

personal jurisdiction; Plaintiffs must prove that Defendant Gordon specifically agreed to jurisdiction in an agreement with each of them. Plaintiff corporations, FlavaWorks Entertainment, Inc. and Blatino Media, Inc., were not, and have not since become, parties to the Terms and Conditions Agreement that existed when Defendant Gordon allegedly accessed and agreed to such Agreement on the RawRods.com website on November 9, 2011.

"A forum selection clause is enforceable to the same extent as the usual terms of a contract and must be interpreted in accordance with general contract principles." See, *Continental Cas. Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 994 (N.D. Ill. 2007). A corporate entity must legally exist to possess the capacity to contract. Because Blatino Media, Inc. and FlavaWorks Entertainment, Inc. were not incorporated until July 29, 2020, and May 19, 2023, respectively, neither Plaintiff existed in November 2011. Consequently, neither entity could have been a party to the Terms and Conditions Agreement at the time of Defendant Gordon's alleged access to RawRods.com.

Far from showing an unbroken Contract Enforcement Chain, no facts have been alleged to explain the nine-year gap between Defendant Gordon's alleged website access and the formation of Blatino Media, Inc. or the 14-year gap between website access and formation of FlavaWorks Entertainment, Inc. Plaintiffs fail to establish any legal continuity between themselves and Flava Works, Inc.. Alleging shared management via Mr. Bleicher is insufficient to infer a corporate merger or succession. Because Plaintiffs offer no evidence of a contractual assignment or transfer of rights, they lack standing under the Agreement.

Buying a copyright does not mean you inherit the website's Terms and Conditions. The 2011 RawRods.com website agreement belongs to Flava Works, Inc. and did not automatically follow any copyright transfer or assignment. The July 2022 transfers to Mr. Bleicher and/or the alleged August 2022 license to Blatino Media, Inc. only moved the copyrights—they did not transfer the

website contract or its forum selection clause.

Plaintiffs' failure to prove an unbroken Contract Enforcement Chain is what distinguishes this dispute from the dispute in *Flava Works, Inc. v. Rossi*, 12-CV-1885, 2013 WL 1337326 (N.D. Ill. Mar. 29, 2013). The plaintiff in *Rossi* was not required to prove a Contract Enforcement Chain from Flava Works, Inc. to the named plaintiff because the plaintiff *was* Flava Works, Inc. **Both Flava Works, Inc. and defendant Rossi were parties to and voluntarily consented to the forum selection clause found in the website's Agreement.** By enforcing the forum selection clause, the Court simply held the parties to their contractual agreement.

This Court's decision regarding personal jurisdiction does not hinge on whether Defendant Gordon was the "hubrys" who accessed the RawRods.com website in November of 2011. Whether Defendant Gordon did or did not contract with non-party Flava Works, Inc. by accessing the website and consenting to its Terms and Conditions Agreement is irrelevant. There is no contract between Defendant Gordon and Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc.

Because no contract exists between each Plaintiff and Defendant Gordon, there is no enforceable forum selection clause to establish personal jurisdiction here. These Plaintiffs cannot sue Defendant Gordon in this Court, and the claims made against him must be dismissed.

**WHEREFORE**, for the reasons stated above, the Defendant Michael Shane Gordon respectfully requests that this Honorable Court grant his motion to dismiss pursuant to FRCP Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6) and 17(a), or for relief the court deems just.

Dated: September 11, 2026.

*(s) Michael P. Simkus*
**Simkus Law, a Professional Corporation**
MICHAEL P. SIMKUS, ESQ.
265 Stonegate Road, Suite 104
ALGONQUIN, ILLINIOIS 60102